*ENOCH WOODBRIDGE, Chief Judge.*
*NOAH SMITH, Assistant Judge.*

---

## Asa Barns, Appellee,
*against*
## Isaac Webb, Appellant.

THIS was an action for slanderous words. Plea, not guilty.

*Daniel Chipman* and *S. Miller*, on the part of the defendant, offered evidence *to prove the truth of the words spoken in justification.*

*Amos Marsh*, for the plaintiff, objected to the admission of such evidence *under the general issue.* He contended that it must operate as a surprise upon the plaintiff; would bring on trial the conduct of his whole life, which no man of even the fairest character could be presumed to be prepared to defend *instan-*

> The truth of words spoken, cannot be given in evidence under the general issue in an action for slanderous words.

3

Barns
v.
Webb.

*ter ;* that the authorities on the subject are plenary and clear, and all shew that the Judges never permit the truth of the words to be given in evidence under the general issue, *in justification, or even in mitigation of damages ;* but that it should always be pleaded, whereby the plaintiff might be prepared to defend himself; in support of which he cited *Morgan's Vade Mecum,* vol. 1. p. 151. *Esp. N. P.* vol. 2. p. 262. *Bac. Abr.* vol. 4. p. 518. *Com. Dig.* vol. 5. p. 220. *Str. Rep.* vol. 2. p. 1200. *Underwood* v. *Parks. Gilb. L. Ev.* vol. 2. p. 617. *Capel Loft's* edit. *Bull. N. P.* p. 9.

*Chipman,* for the defendant, conceded, that the *English* authorities were against the admission of the evidence; and by the *English* common law it is also settled, that a person indicted for publishing a libel cannot give in evidence the truth of the facts. But both these principles alike shew the genius of the *British* government, and the inapplicability of them to our own. In *England,* the characters of individuals, or at least certain individuals, must be protected *per fas aut nefas.* Our government has no such invidious sanction for its impure citizens. Here the truth will never be sacrificed to state policy; but the motto of the republican code will be, ' Great is the truth, and it shall prevail.'

Upon principles founded upon the very nature of the action, the evidence is admissible. The gist of the action of slander is malice; and can malice be implied if the words spoken are true ? Certainly not. It is even an important duty we owe to society, to give the true characters of our fellow-citizens, particularly of the vitious and perpetrators of crimes, that

they may be guarded against. The evidence offered will shew, that the plaintiff has no cause of action.

As to the plaintiff's being surprised, and the admission of the evidence bringing on the trial of his whole life; we say, the action of defamation is not to be favoured, and every man ought to be taught, that if he would recover damages for an injury done to his character, by which we mean the estimation in which he has been held from his conduct in life, he must shew a character worth possessing. This principle, if established, would lead mankind to a greater degree of circumspection with respect to their conduct.

On the foregoing principles, we apprehend the practice has been settled in this State, although we can advert to no particular decision in point, as the reports of our judicial decisions are not printed; but we assert generally, that the practice has uniformly prevailed, has been acquiesced in by the bar, either from the precedent decisions of the bench, or from a general conviction that it is founded in principle.

It may be worth observing, that the Legislature of the *United States*, in their act commonly called the sedition act, adopted the principle of giving the truth of the slanderous or libellous words in evidence as a complete justification under the *general issue* in its fullest extent, even in cases of *scandalum magnatum*, of much greater import than words spoken to the injury of private persons.

*Per Curiam.* We do not wish to hear the counsel for the plaintiff. The authorities are clear and full upon this point. They are founded in reason, and

*Margin:* Barns v. Webb.

ought not to be departed from. The evidence of the truth of the words proved to have been spoken by the defendant cannot be admitted under the general issue.

