Tilghman C. J.
The only question is, whether the words were actionable : because if they were, it was proper to admit evidence of the same words spoken since the action was brought, in order to increase the damages as was decided by this Court in the case of Wallis v. Mease. 3 Binn. 546.
In all judicial proceedings the parties are permitted to speak freely, and if they should even make use of harsh ex *471 pressions they will not be liable to an action, although the same words spoken on another occasion would be actionable. But this privilege is not to be abused, nor is a party permitted to utter slanderous words against a witness by way of insult, and not in the course of his defence. If the defendant had said, that he would prove the testimony of the plaintiff to be false, he would not have been liable to an action although he had failed in his evidence; neither would he have been liable, if, in the course of his argument, he had undertaken to prove from the. evidence, that what the plaintiff had sworn was not true, although he failed in making it out: because in both these instances, it may fairly be presumed, that the words were not spoken maliciously, but with a view to defence. But from the evidence in this case it appears, that when the defendant spoke the slanderous words he was not making his defence. He did riot even address himself to the justice, but turned to the plaintiff and charged him with havsworn a manifest lie. The abuse, therefore, was wanton, and not protected by law. The plaintiff in error complains, that the Court did not leave it to the jury to decide, whether the words were spoken maliciously. It appears from the record that the counsel for the defendant asked no opinion of the Court on any particular point of law, but contended in general, that the action was not supported by the evidence. The President, therefore, in delivering his charge had a right to give his opinion both on the law and the fact; subject, nevertheless, to the right of the jury to judge for themselves as to all matters of fact. If the defendant’s counsel desired a more particular opinion, it was their business to state the point, and the Court would have been bound to answer. Considering the whole as it appears on the record, I am of opinion, that there is no error, and therefore the judgment should be affirmed.
Yeates J. was sick and absent.
Gibson J. concurred-.
Judgment affirnVéÜh