## Sophia W. Bodwell *versus* Caleb Swan *et ux.*

In an action of slander, evidence tending to prove that the words spoken were true, or that there were reports in circulation of particular instances of impropriety in the plaintiff's conduct, will not be admitted under the general issue, in order to show that the defendant believed what he said to be true.

Under such issue the defendant may produce evidence of the plaintiff's general character.

Evidence of words spoken by the defendant after the commencement of the action, of a similar import with those charged in the declaration, is admissible to show malice.

THIS was an action of slander for words spoken by the wife, charging the plaintiff with fornication and adultery. Plea, the general issue.

At the trial, which was before *Lincoln* J., the plaintiff, to fortify the legal presumption of malice arising from the speaking of slanderous words, and as evidence of the malice with which the words laid in the declaration were uttered, offered evidence of the repetition by the wife, of similar slanderous expressions subsequently to the commencement of the action. This evidence was objected to by the defendants, because if such expressions were used, they would furnish ground for another action ; but the judge overruled the objection, and admitted the evidence.

In their defence under the general issue the defendants proposed to prove, that the wife had been led by particular instances known to her of improper conduct on the part of the plaintiff in regard to men, both married and unmarried, and by reports, which were current in the town where the defendants lived, of the same and similar improprieties of conduct, to believe that the words spoken were true, in order to show that the speaking of the words was not malicious. But the judge ruled, that all the evidence proposed to be given of particular facts in the conduct of the plaintiff, or of reports respecting any particular instances of impropriety, was inadmissible.

The general character and rank in society of the plaintiff was inquired into without any objection being made.

A verdict was found for the plaintiff, subject to the opinion

of the whole Court in regard to the correctness of the fore- <span style="float:right">Bodwell<br>*v.*<br>Swan.</span>
going determinations.

<span style="float:right">*Nov. 4th.*</span>

*Saltonstall*, for the defendant, cited, to show that words spoken after the action was commenced were inadmissible in evidence, *Mead* v. *Daubigny*, Peake's Cas. 125 ; *Thomas* v. *Croswell*, 7 Johns. R. 270 ; — that the plaintiff's misconduct was admissible, *Larned* v. *Buffington*, 3 Mass. R. 553 ; *Alderman* v. *French*, 1 Pick. 7 ; — and that the reports in circulation were admissible, *Earl of Leicester* v. *Walter*, 2 Campb. 251 ; —— v. *Moor*, 1 Maule & Selw. 284 ; *Wyatt* v. *Gore*, 1 Holt's N. P. Cas. 299.

*Cummins*, *contrà*, cited to the first point, *Rustell* v. *Macquister*, 1 Campb. 48, note ; *Wallis* v. *Mease*, 3 Binney, 546 ; 2 Phil. Ev. 107.

The opinion of the Court was read as drawn up by

PARKER C. J. It appears to us that the rejection of evi- <span style="float:right">*May term*<br>1826</span>
dence offered by the defendants, tending to prove that the words spoken and charges made were true, in order to show that the wife believed what she said to be true, was right.[1] It was so settled in *Alderman* v. *French*, and upon sound principle. In truth, such evidence would answer all the purposes of the defendant, without exposing him to the just consequences of attempting to justify and failing in the attempt ; and this further mischief would follow, that the notice to the plaintiff of what is intended to be proved, which is given by a special plea of justification, would be withholden, so that the plaintiff would be taken by surprise and have no opportunity to disprove the facts.

The modern refinements in the law of slander have been productive of more mischief than good. The defendants in such case ought to be ready to take the ground openly, that what they have said is true, or they should be ready to discharge themselves of malice under the general issue, in some

---

[1] See *Root* v. *King*, 7 Cowen, 631 ; *Bailey* v. *Hyde*, 3 Connect. R. 463 ; *Cook* v. *Barkley*, Pennington, 169 ; *Barns* v. *Webb*, 1 Tyler, 17 ; *Wormouth* v. *Cramer*, 3 Wendell, 395 ; *Shepard* v. *Merrill*, 13 Johns. R. 477 ; *Van Ankin* v. *Westfall*, 14 Johns. R. 233 ; *Henson* v. *Veach*, 1 Blackford, 370 ; Roscoe's Dig. Crim. Evid. ( Amer. ed.) 539, n. 1 ; Starkie on Slander, ( Amer. ed. 1832,) 295 n. (145.)

Bodwell
*v*
Swan.

of the ways which have been allowed as legitimate grounds of defence.

The same answer may be given to the offer of evidence, that there were stories and rumors in the neighbourhood, of a nature to raise a belief in the mind of the wife, that what she said was true.[1] These very stories may have originated in slander, and character could not be protected, if the third or fourth circulator should be able to defend himself or reduce the damages, because he only gave more publicity, and added the weight of his character, to calumny which had been originated by thers.

We take the rule to be, that the general bad character of the plaintiff may be shown,[2] because he relies upon its goodness before calumniated as the principal ground of damages. A fair character has been maliciously attacked, and the law will repair the mischief oy damages ; but to a reputation already soiled, the injury is small. The plaintiff is supposed also to be ready at all times to show the general goodness of his character ; but it would be unreasonable to require of him to have witnesses ready to disprove particular facts, which he has no notice are intended to be proved against him.[3]

As to the admission of evidence on the part of the plain-

---

[1] See *Alderman* v. *French*, 1 Pick. (2nd ed.) 18, n. 1 ; 2 Stark. Evid. (5th Amer. ed.) 469, n. 1 ; id. 217, n. (*k*) ; *Vessey* v. *Pike*, 3 Carr. & Payne, 512 ; *East* v. *Chapman*, 2 Carr. & Payne, 570 ; *S. C.* Moody & Malk. 46.

In Kentucky the general currency of a report is not a justification of slander; but evidence of the general reputation is admissible in extenuation of malice and in mitigation of damages. *Calloway* v. *Middleton*, 2 Marshall, 372. In Indiana the defendant may prove in mitigation of damages, that there was a general suspicion of the plaintiff's guilt. *Henson* v. *Veach*, 1 Blackford, 371. So in Ohio. *Dewit* v. *Greenfield*, 5 Ohio R. 225. And he may also prove, under the general issue, in mitigation of damages or with a view of extenuating malice, any circumstance connected with the transaction, tending to show that he had probable ground for believing the truth of the words. *Wilson* v. *Apple*, 3 Ohio R. 270.

[2] See 2 Stark. Evid. (5th Amer. ed.) 470, n. (2) ; id. 216, n. (2) ; *Sawyer* v. *Eifert*, 2 Nott & M'Cord, 268 ; *Buford* v. *M'Luny*, 1 Nott & M'Cord, 268 ; Starkie on Slander, (Amer. ed. 1832,) 298, 299, n. (147) ; *Dewit* v. *Greenfield*, 5 Ohio R. 225.

[3] *Andrews* v. *Vanduzer*, 11 Johns. R. 38 ; *Seymour* v. *Merrills*, 1 Root. 459 ; *Sawyer* v. *Eifert*, 2 Nott & M'Cord, 511 ; Starkie on Slander, (Amer. ed. 1832,) 299, n. (147)

Bodwell
*v.*
Swan.

uff, of a repetition of the slanderous words even after the commencement of the suit, it is a difficult question. Lord *Kenyon* in *Charlter* v. *Barret*, Peake's Cas. 22, admitted such evidence. In the case of *Mead* v. *Daubigny*, *p.* 125 of same book, he refused it. Again in *Lee* v. *Huson*, ibid. 166. he admits other libels to be proved. Lord *Ellenborough*, in *Rustell* v. *Macquister*, 1 Campb. 48, note, admitted it, saying, the judge must tell the jury not to give damages for it. *Spencer* J., in 7 Johns. R. 270, disapproved of the rule. *Tilghman* C. J., in 3 Binney, 546, adopts it with the qualification of instructing the jury ; he regrets that the law is so. *Mansfield* C. J., in *Finnerty* v. *Tipper*, 2 Campb. 75, zealously opposes the general doctrine, and yet seems to admit that all the cases were decided right.

Phillipps, in his treatise on evidence, has undertaken to extract from these discrepancies a rule, which perhaps is the most reasonable one which can be adopted. In *vol.* 1, (2d ed.) *p.* 135, he says, " On a review of the cases, which have been above cited, it will be found, that in all of them except two, namely, *Lee* v. *Huson* and *Rustell* v. *Macquister*, the subsequent words or libels, offered in evidence, did expressly refer to those which were the subject of the action ; and in those two cases, it does not appear from the reports, whether they had, or had not, such a reference." According to *Mansfield* C. J., a repetition of the same words, or the same libel, may be proved, to show that the first was not heedless but malicious ;[1] and we think that so far we may go ;

379

---

[1] See *Kean* v. *M'Laughlin*, 2 Serg. & Rawle, 469; *Macleod* v. *Wakley* 3 Carr. & Payne, 311; *Shock* v. *M'Chesney*, 2 Yeates, 473; *M'Almont* v. *M'Clelland*, 14 Serg. & Rawle, 359; *Miller* v. *Kerr*, 2 M'Cord, 285; *Eccles* v. *Shackleford*, 1 Littell, 35; *Duvall* v. *Griffith*, 2 Harr. & Gill, 30; *Wilson* v. *Apple*, 3 Ohio R. 270; 2 Stark. Evid. (5th Amer. ed.) 465, n. (1).

Where the intention is not equivocal, the plaintiff cannot introduce subsequent declarations of the defendant to show with what motives the libel was published. *Stuart* v. *Lovell*, 2 Stark. R. 93.

Where words were given in evidence by the plaintiff, in order to prove a malicious intent by the defendant, which were not stated in the declaration, it was held, that the defendant might prove the truth of such words. *Warne* v. *Shadwell*, 2 Stark. R. 457; *Eccles* v. *Shackleford*, 1 Littell, 38.

In Tennessee it is held, that evidence of words spoken after suit brought, is not admissible. *Howell* v. *Cheatham*, Cooke 248

but we cannot agree, that if a man sue another for calling him a thief, he may prove that at another time afterwards he also called him a murderer. This is a distinct calumny, for which the plaintiff has a right to his action, and though it may tend to prove malice as to the first words, so also will it necessarily go to enhance the damages ; for no jury can say how much or how little of the damages were given on account of this second charge. The words proved in the case before us to have been spoken after the first and since the commencement of the suit, were of similar import with those charged in the declaration, and therefore may be considered as a repetition, and so admissible in evidence.

*Judgment according to the verdict*

