By the Court,

Nelson, C. J.
Although the words were spoken to the constable, while the defendant was in the course of proceeding criminally against the plaintiff, they were not necessarily to be regarded as privileged.
So far as the communication was essential or even material as to the regular execution of the process, it was privileged ; and courts and juries should be liberal in their indulgence to this extent. Full scope should be extended to all concerned in the bona fide administration of criminal law. But as the proceeding may be used as a cover for the indulgence of private malice, the courts must permit the collateral acts and declarations of the prosecutor to be proved, with a view to determine their character ; and if they turn out to be slanderous, and show a case of express malice, the privilege is gone; and the question is one of fact, and must go to the jury like all others of the kind. 3 Johns. R. 189; 7 Cowen, 725; 12 Wendell, 546; Starkie on Slander, 189, & note; 2 Serg. & Rawle, 471; 21 Wendell, 325, per Cowen J. If the jury find against the weight of evidence on the point after proper instructions a new trial will be granted. We are to presume, that the proper direction was given in this case, as no exception has been taken to the charge, and so far as stated it is well enough ; though if requested, the court should have gone further, and advised the jury to lay the evidence out of view, unless they should come to the conclusion that express malice had been proved. Indeed for aught that appears, the case may have been put as strongly for the defendant, as the charge is not given in full.
Judging from the evidence as it appears before us, I think the damages excessive; but that question cannot arrise on a bill of exceptions. The remedy was by motion for a new trial in the court below.
Judgment affirmed.