# NEW–YORK COMMON PLEAS.

## James R. Molony agt. James Dows.

## The Same agt. Myers F. Turett.

Under the Code a party has the right to set forth his cause of action *fully*, and unless he burdens his pleading with matters that are totally irrelevant, impertinent, or imposes upon the defendant the necessity of specifically traversing a great number of *facts* which are more properly *evidence* in support of a cause of action than substantive averments to show that a cause of action exists, the defendant cannot be regarded as aggrieved thereby.

Motions to strike out parts of a pleading as irrelevant or redundant, are not to be encouraged unless it is manifest to the court that it would be to the *prejudice* of the party who has to answer, to suffer the objectionable matter to remain.

Nor is a court to be taxed with the labor and trouble of minutely inspecting a pleading upon summary motion of this kind, for the purpose of ascertaining whether averments are or are not relevant, unless in cases when it is absolutely incumbent upon the party to get rid of them, to enable him to frame a proper answer.

We have now no *fatal variance* between the *pleading* and the *proof*, which under the former system of pleading was so well calculated to prevent the pleader from setting forth his cause of action, or grounds of defence, in detail and particularity. He was well aware of the consequences of not proving his averments with the same particularity that he made them.

Under the present system, a superabundance of averments, or matter in a pleading, is visited with the penalty of a motion at special term to strike out, thus throwing upon the court the duty and responsibility in a summary way, of deciding what is and what is not irrelevant and redundant matter. [*And yet it seems by a late report of a committee of the legislature of* 1857, *the courts are (impliedly, at least,) censured for spending so much time on the hearing and decision of special motions.* Reporter.]

The plaintiff in his complaint in this case, stated what he thought was necessary to charge the defendants with a combination, as members of a vigilance committee in San Francisco, California, to injure the plaintiff, by his arrest and im-

prisonment, and deportation and banishment from that state, and the decision of the court upon motion to strike out portions of the complaint, shows what averments and matter they thought it necessary to strike out, and what should stand.

*Special Term, January,* 1858.

MOTIONS by the defendants to strike out divers portions of the respective complaints in the above actions.

The character of the complaints and of the portions proposed to be stricken out, sufficiently appear in the opinion.·

JER. LAROCQUE, *for defendants.*
GEO. BOWMAN, *for plaintiff.*

DALY, Judge.　The causes of action separately set forth in the three first counts are all embodied in the fourth count.　It is not necessary that the affidavit should have been made of the identity.　It is apparent upon the mere reading of the complaint.　The plaintiff must, therefore, be compelled to elect whether he will rely upon the fourth or the three first counts, and as he has expressed the wish to rely upon the fourth count, if the court shall be of the opinion that he is bound to elect, the first count will be stricken out.

The fourth count set forth three grounds of action, an assault, false imprisonment and conspiracy to injure.　The circumstances out of which these three grounds of action arise are set forth at length, and are substantially the arrest, imprisonment and subsequent banishment of the plaintiff, from the state of California, by force and violence, without warrant of law, by the defendant, co-operating with others as members of an organization known as the vigilance committee of San Francisco.　The assault and imprisonment do not appear to be relied upon in this count as distinct causes of action, but are set forth as the result and consequence of the alleged combination and conspiracy to injure the plaintiff, which is the general cause of action upon which the pleader, in framing this count, means to rely.

An unlawful combination or conspiracy to injure another, is

an indictable offence, though nothing be done to the injury of the individual. (*Regina* agt. *Best*, 2 *Ld. Ray.* 1167; *King* agt. *Armstrong*, 1 *Vent.* 304; *King* agt. *Kimberly*, 1 *Lev.* 62.) And if the conspiracy or combination be productive of injury to the person, reputation or property of the individual, he may maintain a civil action for damages against any or against all of the conspirators. (*Savil* agt. *Roberts*, 1 *Salk.* 14; *Anon.*, 3 *Salk.* 97; *Til.* 46; *Sut.* 122.) Formerly the remedy for this injury was by a writ of conspiracy, which was in the nature of a civil action, but it was afterwards merged in the more convenient remedy of an action upon the case. (*Subley* agt. *Mott*, 1 *Wils.* 210.) The combination or conspiracy set forth here, is not averred to have been formed for the direct purpose of injuring the plaintiff. The defendants and others are alleged to have combined for the purpose of putting one Casey to death: to resist all courts or officers who should seek to hold them accountable, and to commit such other crimes and offences, as such resistance to the law might involve, or the giving of a public color or motive to their acts might suggest or occasion; that they assumed the name of the vigilance committee of San Francisco, and suddenly in surprise of the authorities, and of the peaceable citizens, seized all the arms that could be found, and organized bands of armed men who obeyed their will. It is then averred, that the governor of the state of California, called upon them to desist; that they refused; that the governor then issued a proclamation calling upon all able-bodied citizens to enrol themselves in the militia, and aid the government in subduing the insurrectionary conspiracy; that the plaintiff, in pursuance of such request, was enlisted and enrolled himself in the militia; that the governor issued a requisition upon General Wool for certain arms, which was complied with, and which were placed in the charge of the plaintiff and others to be conveyed to San Francisco, for the use of the state, when the plaintiff was assaulted, arrested and imprisoned by the direction of the said vigilance committee, the arms taken out of his possession, and after being kept for some time in close confinement, and denied all access to his

friends, or of the means of attending to his affairs, and after being subjected to hardships, contumely and insult, that he was finally put on board of a vessel, and compelled to leave the state under the threat of death if he attempted to return.

The injury of which the plaintiff complained, having been the result of orders or directions given by the vigilance committee, and as the defendants' liability to the plaintiff for these injuries, is predicated upon their being members of that organization, aiding and co-operating with them in their alleged unlawful acts, it was essential to a clear understanding of the ground of action relied upon, that the general scope and object of the alleged unlawful combination should be averred, and this could scarcely be done, without some reference to their acts and doings.

A party has the right to set forth his cause of action fully, and unless he burdens his pleading with matters that are totally irrelevant and impertinent, or imposes upon the defendant the necessity of specifically traversing a great number of facts which are more properly evidence in support of a cause of action, than substantive averments to show that a cause of action exists, the defendant cannot in the language of the Code, be regarded as aggrieved thereby.

Motions of this kind, are not to be encouraged, unless it is manifest to the court that it would be to the prejudice of the party who has to answer, to suffer the objectionable matter to remain. A court is not to be taxed with the labor and trouble of minutely inspecting a pleading upon summary motion of this kind, for the purpose of ascertaining whether averments are or are not relevant, unless in cases when it is absolutely incumbent upon a defendant to get rid of them, to enable him to frame a proper answer to the complaint. Under the old system of pleading there was no objection to the plaintiff setting forth his cause of action as minutely as he thought fit. He merely incurred the liability of proving it with the same particularity with which he averred it. A mode of pleading that was generally carefully avoided, to escape the consequence of fatal variance between the pleading and the proof.

I am induced to make these remarks, from the trouble imposed upon the court in going over this voluminous complaint to consider the various passages proposed to be stricken out; the greater part of which, I am satisfied, if not strictly relevant according to the rule of good pleading, would still work no prejudice to the defendant if suffered to remain. I have noted in the margin of the complaint, what passages I have allowed to be stricken out and to what extent; and the passages objected to, which I have allowed to remain. I have allowed a large portion of the averments in the first part of the *count* to remain, as they are essential to a clear understanding of the nature of the combination of which the defendants are averred to have been members, and in the prosecution of the general object of which, the plaintiff is alleged to have suffered injury.

Many passages in this count, proposed to be stricken out, consist of the averment of facts showing special damages sustained by the plaintiff, not necessarily the result of his arrest and imprisonment, or deportation and banishment from the state of California—such as the breaking up of his business, and the like. Damages which are not the immediate and natural consequences of an unlawful act, or which the law would not presume necessarily to flow from it, must be specially stated in the complaint, or the plaintiff will not be allowed upon the trial to go into evidence to prove such items of damage. (*Squier* agt. *Gould*, 14 *Wend.* 159; *Strang* agt. *Whitehead*, 12 *id.* 64; 1 *Chitty Pl.* 371; *Sedg. on Damages*, 2d ed. 67, 68; *Sayer on Damages*, 315.)

Such averments of special damage are not traversable, but they are necessary in the complaint, that the defendant may not be taken by surprise upon the trial, but may be prepared with evidence to rebut the proof offered of such special damages, or the amount or extent of it. These averments, therefore, have been allowed to remain.

Facts set forth in the complaint, which are intended to be relied upon in aggravation of damages, so far as they could be distinguished from averments essential to the statement of the

cause of action, have been stricken out.   Such matters are allowed to be given in evidence to show the *quo animus;* (*Rustel* agt. *Macquester,* 1 *Camp.* 49, *n.; Shock* agt. *McChesney,* 2 *Yates,* 473 ; *Wallis* agt. *Mase,* 3 *Binney,* 546 ; *Kean* agt. *McLaughlin,* 2 *Serg. & Rawle,* 469 ; 2 *Starkie on Slander,* 56,) but they are never pleaded, (*Warne* agt. *Croswell,* 2 *Stark. R.* 457.)

The averment that the vigilance committee caused to be published in numerous organs conducted by them, that the plaintiff was a notorious criminal, and worthless, disreputable character, has been allowed to remain, as it is an averment of special injury sustained by their acts. (*Regina* agt. *Best,* 1 *Salk.* 174 ; 2 *Ld. Ray.* 1167 ; *Anon.,* 3 *Salk.* 97.)

An order may be entered, striking out the first three counts, and such parts of the fourth count, as are indicated in the margin, without costs to either party.