## Stewart *versus* Thompson.

A prosecution for a criminal offence being ended, an action on the case is
the proper remedy for malicious prosecution.

ERROR to the Common Pleas of *Allegheny county.*

This was an action on the case for malicious prosecution.

Alexander S. Thompson, the father of the plaintiff below, who
was a minor, hired a horse and buggy from E. C. Stewart for
three days ; and after keeping them away for six or seven days,
returned the horse in a damaged condition without the buggy.

Stewart caused A. S. Thompson to be arrested, and while he
was under arrest, Stewart, A. S. Thompson and William F.
Thompson, the plaintiff below, met and agreed to arrange the
matter by William F. Thompson and Alexander S. Thompson
giving Stewart their joint note for the sum of $80, payable one
day after date, and agreeing that if the said note was not paid,
the said Stewart might proceed, under an Act of Assembly
making the damaging of horses, buggies, &c., hired from livery-
stable keepers, a misdemeanor.

The note not being paid, Stewart appeared before the mayor of
Pittsburgh, and made an information against Alexander S.
Thompson for the alleged misdemeanor, and to the same informa-
tion added this clause :—

" And further, that the defendants, A. S. Thompson and Wil-
liam F. Thompson, on the 26th day of September 1863, agreed to
pay to the said Stewart the sum of $80 for damages done to the
same ; and in default of payment one day after, to abide by the
law making the same a misdemeanor punishable by fine, at the
discretion of the Court of Quarter Sessions, or imprisonment in
the county jail for a period not exceeding thirty days."

Upon the transcript of the mayor, a bill of indictment was

[Stewart *v.* Thompson.]

drawn against A. S. Thompson and William F. Thompson, which was ignored as to William F. Thompson, and returned " true bill" as to A. S. Thompson.

William F. Thompson brought his action on the case against Stewart for malicious prosecution.

On the trial, in the court below, the plaintiff offered in evidence the information made by Stewart before Mayor Sawyer. The counsel of defendant below objected to the evidence offered, on the ground that it contained no charge of any criminal offence as against the plaintiff below. The court overruled the objection and admitted the evidence, and a bill of exceptions was sealed.

A verdict having been rendered for the plaintiff below, the defendant's counsel moved in arrest of judgment, and assigned as reason therefor, that the information which was the foundation of the prosecution complained of, charged the plaintiff below with no criminal offence whatever ; and that therefore if the plaintiff below was injured, his remedy was in trespass and not case ; that case will not lie where the information charges no criminal offence.

The court overruled the motion in arrest of judgment, and a judgment having been entered upon the verdict, this writ of error was sued out.

The following errors were assigned :—

1st. The court below erred in admitting the information in evidence for the reason stated in the bill of exceptions.

2d. The court below erred in refusing to arrest the judgment for the reason stated, and in entering judgment for the plaintiff upon the verdict; inasmuch as the action should have been trespass *vi et armis*, and not case.

*Lucas & Linn,* for plaintiff in error.—An action on the case cannot be maintained, because no criminal charge was made: Maher *v.* Ashmead, 6 Casey 344 ; Baird *v.* Householder, 8 Casey 168.

*Thomas Ewing,* for defendant in error.—Trespass could not be maintained on the evidence in this case : 1 Chitty on Pleading, pp. 133–184.

The opinion of the court was delivered, January 8th 1866, by

READ, J.—The only point presented to this court is, that no criminal offence was charged against the plaintiff by the defendant, and therefore this action for a malicious prosecution cannot be sustained. The prosecution was commenced under an Act of April 1st 1863, relating to livery-stable keepers in Allegheny county : Pamph. L. 223.

The information before the mayor of Pittsburgh, upon which a warrant was issued under which the plaintiff was arrested and

[Stewart *v.* Thompson.]

committed to jail to answer at court, desired "that a warrant may issue, and that the aforesaid defendants, A. S. Thompson and William Thompson (the plaintiff) may be arrested and held to answer this charge of misdemeanor."

The preceding part of the information, connected with the evidence, would show that the offence was committed by A. S. Thompson alone : but that as both agreed to be liable for the offence, the defendant had both arrested as guilty of the offence.

But the prosecutor did not stop here : he procured a bill of indictment, valid in form, and charging the same criminal offence, to be presented to the grand jury, upon which bill he was the only witness sworn, which was ignored as to the plaintiff; and the prosecution was wholly ended and determined, and the plaintiff discharged.

It is clear, therefore, that there was a prosecution for a criminal offence which was at an end ; and therefore case for a malicious prosecution was the proper form of action.   This case, therefore, is not ruled by Maher *v.* Ashmead, 6 Casey 344, where the plaintiff was arrested on a warrant, and upon a hearing was discharged by the magistrate, there being no crime charged ; nor by Baird *v.* Householder, 8 Casey 168, where the warrant was on its face void, and on examination of the information the Court of Quarter Sessions quashed the proceedings.

The defendant has properly suffered for attempting to collect a debt by criminal process.

Judgment affirmed.