## William T. Auer, Appellant, *v.* Jacob B. Mauser and Abraham Smoyer.

*Malicious prosecution—Essential grounds.*

The grounds on which an action for malicious prosecution must rest are well settled; it must appear to have been commenced maliciously and without probable cause; these essentials must coexist.

*Province of court and jury—What constitutes for the court—Existence for the jury.*

What circumstances constitute probable cause is for the court; whether they have been shown in a particular case is for the jury.

*Evidence—Probable cause and malice—When implied—Presumption from acquittal—Question for jury.*

Malice may be implied from want of probable cause and may be rebutted by evidence showing its absence; but want of probable cause cannot be implied from malice, and may exist without it. The inquiry as to both must relate to the commencement of the prosecution and the circumstances leading to it. It is permitted to show how the prosecution terminated as bearing on the existence or nonexistence of cause and malice. An acquittal or lawful discharge of the defendant is prima facie evidence of want of probable cause, and therefore sufficient to carry the case to the jury.

In an action for malicious prosecution the case is for the jury where it appears that the plaintiff in the action as defendant in the prosecution, was lawfully discharged, although there was evidence tending to establish probable cause and to rebut presumption of malice.

*Evidence—Malicious prosecution—Conversations between prosecutor and justice.*

Evidence of conversations between the prosecutor and the justice after the prosecution had been instituted, in the absence of the defendant in the prosecution, are inadmissible to rebut the presumption of malice.

Argued Dec. 9, 1897.   Appeal, No. 142, Oct. T., 1897, by plaintiff, from judgment of C. P. Northampton Co., April T., 1895, No. 24, on verdict for defendants.   Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and POR-TER, JJ.   Reversed.

Trespass for malicious prosecution.   Before SCHUYLER, P. J.

The action was based on alleged malicious prosecution of the plaintiff by the defendants in causing him to be arrested for larceny.

The facts sufficiently appear in the opinion of the court.

The court below directed a verdict for the defendants in the following charge:

[It is indispensable to a recovery in an action for malicious prosecution that the prosecution claimed to be malicious was fully ended when the action was brought.   This the plaintiff has failed to show.   On the contrary, the undisputed evidence shows that the prosecution was not fully ended.] [1]   [You will there-fore return a verdict in favor of the defendants.] [2]

Verdict and judgment for defendants.   Plaintiff appealed.

*Errors assigned* were (1, 2) To portions of the judge's charge, reciting same.   (3, 4) In overruling plaintiff's objection to the testimony of Jacob B. Mauser as to what occurred between him and the justice of the peace after the latter had issued the war-rant in suit.   (5) In overruling plaintiff's objection to the testi-mony of Jacob M. Mauser as to conversation between him and the district attorney after the bill had been ignored by the grand jury.   (6) In overruling the plaintiff's objection to the testi-mony of A. C. LaBarre, district attorney, as to conversations

between him and Jacob B. Mauser, after the bill had been ignored by the grand jury.

*Russell C. Stewart* and *M. Kirkpatrick*, with them *W. S. Kirkpatrick*, for appellant.—In this state not only is an acquittal by a jury of the criminal charge prima facie evidence of want of probable cause, but a discharge by a committing magistrate, a return of not a true bill, and a discharge by a judge upon habeas corpus, all have the same effect: Orr v. Seiler, 1 Penny. 445 Bernar v. Dunlap, 94 Pa. 329; Zebley v. Storey, 117 Pa. 478 Mentel v. Hippely, 165 Pa. 559.

In our judgment there is a case in Pennsylvania that rules our case. It is Murphy v. Moore, 10 Cent. 92, not reported in official reports.

We desire also to refer to a late case upon the general subject as to the effect of what takes place in the quarter sessions as bearing on the question of probable cause: Grohmann v. Krischman, 168 Pa. 189.

Declarations made by a defendant in his own favor in the absence of the plaintiff and not under oath are never to be received, either in mitigation of damages or as substantive matter of defense. The whole subject is clearly reviewed Mr. Justice GREEN in Clever v. Hilberry, 116 Pa. 431.

Our objections to this testimony were: 1, immaterial, irrelevant and incompetent; 2, that the record of the court of quarter sessions was the best evidence and the only competent evidence; that it could not be contradicted by the testimony offered; 3, that the matters offered are res inter alios acta: Gordon v. Com., 92 Pa. 216 ; Com. v. Green, 126 Pa. 531.

*H. J. Steele*, with him *George W. Geiser*, for appellees.—To sustain the action the failure of the proceedings against the plaintiff must be averred and proved: Stewart v. Sonneborn, 98 U. S. 187; Murson v. Austin, 2 Phila. 116.

In Knott v. Sargent, 125 Mass. 95, the grand jury made a return of "no bill," but by parol evidence it was shown that it was on account of the absence of a material witness and that the case was continued; held that an action for malicious prosecution will not lie.

These assignments apparently overlook the fact that the foundation of the action is a charge of malice. It has repeat-

edly been held that it is competent as in this case for a defendant to testify to his intent or motive where that is involved in the case: Heap v. Parrish, 104 Ind. 86; Spalding v. Lowe, 56 Mich. 366.

And upon this it is even competent to show that he sought the advice of counsel, and what was then stated: Walter v. Sample, 25 Pa. 275.

What the prosecutor stated to the grand jury has ever been held proper on the question of malice: Dietz v. Langfit, 63 Pa. 234.

Here the declarations were part of the res gestæ, accompanied the acts in issue and characterized them at the time: Elmer v. Fessenden, 151 Mass. 358.

These assignments relate to the competency of the district attorney to explain the circumstances under which the indictment was ignored. Appellant assumes that the purpose was to impeach the record. This is a mistake. Its sole purpose was to show the circumstances. We do not deny that the bill was returned ignored, but we do say that this was accomplished in an illegal manner. In Knott v. Sargent, 125 Mass. 95, the district attorney was held competent, after the grand jury had ignored a bill, to testify that a witness had been absent, and that the case was actually continued. Mauser was clearly competent to testify that he was not called before the grand jury: 1 Greenleaf on Evidence, 252.

Probable cause does not depend on the actual state of the case in point of fact, but upon the honest and reasonable belief of the party prosecuting. It has been variously defined as such a suspicion as would induce a reasonable man to commence a prosecution: Smith v. Ege, 52 Pa. 419; Gilliford v. Windel, 108 Pa. 142.

OPINION BY SMITH, J., February 19, 1898:

This action is based on an alleged malicious prosecution of the plaintiff by the defendants. The grounds on which such an action must rest are well settled; it must appear that the prosecution upon which it is founded was commenced maliciously and without probable cause. These are essential and must coexist. What circumstances constitute probable cause, are for the court; whether they have been shown in a particu-

lar case is for the jury to decide. Malice may be implied from want of probable cause, and may be rebutted by evidence showing its absence. But want of probable cause cannot be implied from malice, and may exist without it. The inquiry as to both probable cause and malice must relate to the commencement of the prosecution and the circumstances leading to it. As in other cases, all relevant matters, whether arising before or after the prosecution was begun, which properly tend to show the cause and the motive, are admissible in evidence. Hence it has always been permitted, in these actions, to show how the prosecution terminated, as bearing on the existence or nonexistence of cause and of malice. When the prosecution has been terminated by the conviction of the defendant, that fact is ordinarily accepted as sufficient proof of cause to defeat an action for damages. On the other hand an acquittal or lawful discharge of the defendants, is prima facie evidence of want of probable cause, and, therefore, sufficient to carry the case to the jury. Both conviction and acquittal may be shown, but neither is conclusive of the question; the former, however, has the greater probative force. In the determination of the questions arising in these cases, the ordinary rules of evidence are to be applied, and the functions of the trial court and of the jury are to be exercised as in other cases. These general principles have been recognized and applied so often that citation of authorities in their support is unnecessary.

In the case before us, it appears that the plaintiff was arrested for larceny at the instance of the defendants, and bound over for his appearance at the next court of quarter sessions. The grand jury to whom the bill of indictment was submitted ignored it, and the defendants were discharged. A month later this suit was brought. No further action was taken on the return upon which the indictment was founded, and no other prosecution for the alleged larceny has since been commenced. The criminal proceedings seem to have been finally dropped, and the statute of limitations as to larceny had fully run before this case was called for trial. On the trial the plaintiff offered, inter alia, the record of the criminal proceedings which showed that the grand jury returned the indictment "Not a true bill." To meet the effect of this finding, the defendants called the district attorney, who testified, under objection, that the indict-

ment was laid before the grand jury earlier than the day on
which the witnesses for the commonwealth had been subpœnaed
to attend, and therefore but one witness, the defendants' father,
was examined; that rather than hold the jury over, he con-
cluded to let the bill be ignored, especially because of the state-
ment to him, by the prosecutors' counsel, that the defendants had
taken the property under a claim of right. The bill was accord-
ingly ignored. Other testimony would also indicate that the
bill was disposed of before the day fixed for the commonwealth's
witnesses to appear. That they were not sworn before the
grand jury seems to be conceded, and it does not appear that
their failure to testify was due to any act of the defendants in
the present case.

At the close of the testimony, the trial judge directed a ver-
dict for the defendants in the following brief charge: "It is
indispensable to a recovery in an action for malicious prosecu-
tion that the prosecution claimed to be malicious was fully ended
when the action was brought. This the plaintiff has failed to
show. On the contrary, the undisputed evidence shows that
the prosecution was not fully ended. You will therefore return
a verdict in favor of the defendants." It was erroneous thus
to declare that "the undisputed evidence shows that the prose-
cution was not fully ended," and to direct a verdict for the de-
fendants for that reason, contrary to the legal effect of the record.
True, the district attorney was called by the defendants and
testified, under objection, that after the bill was ignored he had
told Mr. Mauser, one of the prosecutors, it was a mistake, and
that he would lay another indictment before the next grand
jury. But when Mr. Mauser was questioned about his conver-
sation, he said he had agreed that it was wrong thus to dispose
of the prosecution; but he did not admit that he had concurred
in the proposition to send another bill before a subsequent grand
jury. Whether the circumstances under which the bill was
ignored rebutted the presumption of want of probable cause
raised by the record, was for the jury to determine under the
evidence. The record, and the manner in which the finding of
the jury was brought about, were evidence on this question.
But the record of the court of quarter sessions, like that of other
courts, imports verity, and cannot be impeached or contradicted
by parol evidence except for fraud, or, perhaps, plain mistake:

County v. Boyd, 113 Pa. 52. But the testimony did not contradict the record; it was designed to rebut a presumption ordinarily deduced therefrom in these cases, and it was admissible for that purpose : Thorne v. Insurance Co., 80 Pa. 15 ; McClafferty v. Philp, 151 Pa. 86 ; Dietz v. Langfitt, 63 Pa. 234. A discharge or an acquittal casts upon the defendant, in an action for malicious prosecution, the burden of showing probable cause, unless that appears from the plaintiff's testimony: Ritter v. Ewing, 174 Pa. 342 ; Ruffner v. Hooks, 2 Pa. Superior Ct. 278.

The defendant in the indictment was in no default in the prosecution upon which this action is grounded. The finding of the grand jury and his discharge were all he could ask. Whether the proceedings should be continued by a new bill, or renewed by another prosecution, were matters beyond his control; and in the absence of fraud on his part he had a right to rely upon the record. That a return of "ignoramus" or "not a true bill" by the grand jury, approved by the court, is a sufficient ending of the prosecution, and such an "acquittal" of the defendant, as will support an action for malicious prosecution based thereon, is elementary law, not now to be questioned : Savil v. Roberts, 1 Salk. 13 ; Lowe v. Wartman, 1 Cent. Rep. (N. J.) 437 ; Shock v. McChesney, 2 Yeates, 473 ; Stewart v. Thompson, 51 Pa. 158 ; Murphy v. Moore, 10 Cent. Rep. 92 ; Charles v. Abell, Brightly Rep. 131. In this last case the principal question was the right to maintain an action for malicious prosecution upon the discharge of the defendant on a writ of habeas corpus, and it was there said by Mr. Justice BELL, at nisi prius, "It seems to be now agreed that if a grand jury ignore the bill, it is sufficient to maintain the action;" and the entire opinion embracing this sentence was quoted approvingly by Mr. Justice PAXSON in delivering the opinion of the court in Zebley v. Storey, 117 Pa. 478. In the case of Stewart v. Thompson, supra, the prosecution for which damages were claimed had terminated, as to the plaintiff, by the grand jury ignoring the indictment; and while the chief contention in the Supreme Court was whether trespass or case was the proper form of action, Mr. Justice READ said: "But the prosecution did not stop here : he [the prosecutor] procured a bill of indictment, valid in form, . . . . to be presented to the grand jury, which

was ignored as to the plaintiff; and the prosecution was wholly ended and determined, and the plaintiff discharged. It is clear, therefore, that there was a prosecution for a criminal offense which was at an end, and therefore case for a malicious prosecution was the proper form of action." Judgment for the plaintiff in that case was affirmed. The case of Hill v. Egan, 160 Pa. 119, is relied upon by the appellees here to sustain their contention that the prosecution was not legally terminated and that the present action was prematurely brought. That case is authority for the proposition that where a prosecution was so proceeded in that the defendant was held to bail, the magistrate could not afterward lawfully discharge the defendant without notice to the prosecutor, and that such a termination of the prosecution would not make the prosecutor liable to an action for malicious prosecution. It does not uphold the broad proposition that a trial judge may declare a judicial record of no legal effect when opposed by parol testimony alleging that it was made up partially under a mistake of fact. If the termination of the prosecution referred to here was falsely or fraudulently procured by or on behalf of the defendant, he could not ground a suit for malicious prosecution on it; but this also would be a question of fact for the jury. The first and second specifications of error are sustained.

Complaint is made, under the third and fourth specifications, of the admission of a conversation between the justice who issued the warrant and Mauser, one of the defendants, in the absence of the plaintiff, after the warrant was issued and before its return by the constable. This was offered for the purpose of showing the absence of malice, and was admitted on that ground. We think its admission was erroneous. It was a mere declaration by the defendant, made several hours after the warrant was issued, unaccompanied by any act or request to discontinue the prosecution. Mr. Mauser then told the justice, substantially, that he did not want to have Auer arrested for stealing; but he said nothing about recalling the warrant or revoking the written instructions he had sent to the justice in the morning by his tenant, Mr. Smoyer: "Mr. Snyder, go for this man Auer criminally to have hay and straw returned," in pursuance of which the complaint was made and the warrant issued. Though disclaiming a desire for the arrest, he still al-

lowed it to be made. While it was entirely proper for the defendants to disprove malice, this could not be done by proof of their own declarations in the absence of the plaintiff, and which did not affect the prosecution or purport to affect it: Thomas v. Miller, 165 Pa. 216. The case of Dietz v. Langfit, 63 Pa. 234, is not authority for the admission of such declarations. There it was sought to disprove the presumption of malice arising from the termination of the prosecution through the return "ignoramus" by the grand jury, and for this purpose the defendant, who was the only witness called before the grand jury, was allowed to show that he had stated to the grand jury that he did not wish to prosecute the case further, for reasons which he stated, and it was thereupon ended. In the present case the defendants could not justify on the ground that the prosecution was pursued under the advice of the justice. It is no part of his official duties to counsel litigants, and his directions afford no shield for errors committed in pursuance thereof: Brobst v. Ruff, 100 Pa. 91; Beihofer v. Loeffert, 159 Pa. 365. The third and fourth assignments are sustained.

It was competent for the defendants to show the circumstances under which the prosecution was terminated, and that its termination was without their concurrence or knowledge. If the action of the grand jury resulted from the mistake of the district attorney, and by reason thereof the defendants and other witnesses for the commonwealth were not sworn, this fact might be shown to rebut, so far as it might do so, the presumption of want of probable cause arising from the discharge of the plaintiff. Hence the testimony of the district attorney and of the defendant Mauser, in so far as it shows the circumstances which led to the finding of the grand jury, was admissible. But the testimony should be confined to this subject; the expression of the intentions and future purposes of the district attorney and of the defendants, or either of them, in the absence of the plaintiff, and forming no part of the res gestæ, could not be thus introduced in evidence against the plaintiff. With this qualification the fifth and sixth specifications of error are overruled.

The judgment is reversed, and a venire facias de novo is awarded.