dict was for $372.19, and is amply sustained by the evidence. Judgment affirmed, with costs.

SAMPLE v. THOMPSON et al. (Supreme Court, Appellate Division, Fourth Department. May 29, 1900.) Action by James M. Sample against Jane E. Thompson and another. No opinion. Motion for leave to appeal to the court of appeals denied, with $10 costs.

SAUTER, Appellant, v. VOLLWEILER, Respondent. (Supreme Court, Appellate Division, Second Department. June 12, 1900.) Action by Gottlieb Sauter against Henry Vollweiler. No opinion. Judgment of the municipal court affirmed, with costs, by default.

SCHMALACKER, Appellant, v. MILLER et al., Respondents. (Supreme Court, Appellate Division, First Department. June 8, 1900.) Action by Bernard Schmalacker against George W. Miller and others. W. H. Knox, for appelland. P. A. Hatting, for respondents. No opinion. Order affirmed, with $10 costs and disbursements.

SCHREIBER, Respondent, v. DARLING, Appellant. (Supreme Court, Appellate Division, Second Department. June 12, 1900.) Action by Frederick Schreiber against Eugene R. Darling. No opinion. Appeal dismissed, with costs.

SCHUBART et al., Appellants, v. HIRSCHBERG, Respondent. (City Court of New York, General Term. June 20, 1900.) Action by Louis H. Schubart and others against Henry M. Hirschberg. From an order denying plaintiffs' motion to vacate and set aside a satisfaction piece for a sum less than the judgment, they appeal. Affirmed. Hoff & Jacoby, for appellants. Henry Staton, for respondent.

McCARTHY, J. This is an appeal from the order dated October 27, 1899, denying the plaintiffs' motion to vacate and set aside a satisfaction piece for a sum less than the amount of the judgment in said action, and filed in the clerk's office. As this appeal must be decided on the papers used on the motion, and we think the same, after examination, show amply that the justice at special term determined this matter correctly, we must therefore uphold his decision. The order herein is hereby affirmed, with costs and disbursements.

O'DWYER, J., concurs.

SCHUELL, Appellant, v. MUTUAL LIFE INS. CO. OF NEW YORK, Respondent. (Supreme Court, Appellate Division, Second Department. June 19, 1900.) Action by Philipp Schuell against the Mutual Life Insurance Company of New York. No opinion. Transferred to the First department.

SCHWAMAN v. TRUAX et al. (Supreme Court, Appellate Division, Third Department. June 28, 1900.) Action by Florence B. Schwaman against Edgar I. Truax and Bertha E. Deland. No opinion. Judgment affirmed, with costs. See 52 N. Y. Supp. 1144.

SHAYER, Respondent, v. READING FIRE INS. CO. OF PENNSYLVANIA, Appellant. (Supreme Court, Appellate Division, First Department. May 25, 1900.) Action by Daniel W. Shayer against the Reading Fire Insurance Company of Pennsylvania. W. B. Ellison, for appellant. J. B. Weil, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

SHEEHAN v. McSORLEY (two cases). (Supreme Court, Appellate Division, First Department. June 22, 1900.) Actions by Mary Sheehan against Joanna McSorley. No opinion. Motion granted, with $10 costs.

SILO, Respondent, v. LINDE, Appellant. (City Court of New York, General Term. July 11, 1900.) Action by James P. Silo against Herman Linde. From an order striking out parts of defendant's answer, he appeals. Affirmed. See 64 N. Y. Supp. 55. Hoadley, Lauterbach & Johnson, for appellant. Oppenheim & Severance, for respondent.

SCHUCHMAN, J. The defendant and appellant objects to the striking out of certain paragraphs and parts of others contained in his answer herein, constituting his fourth separate and distinct defense and by way of counterclaim. He intended thereby to set up a conspiracy on the part of the plaintiff, in combination with some persons who were plaintiff's employés, or connected with plaintiff in the auction business, to deprive the defendant of his property, to wit, certain pictures intrusted to plaintiff to be sold by him at auction. If a conspiracy or combination be productive of injury to the property of an individual, he may maintain a civil action for damages against any or against all of the conspirators. Molony v. Dows, 15 How. Prac. 261. But the allegations stricken out, in conjunction with those which remain, do not constitute a cause of action for damages for the goods on account of the conspiracy. All other questions raised by the appellant are answered fully by the brief submitted herein by the respondent. Order appealed from affirmed, with costs and disbursements.

CONLAN, J., concurs.

SKINNER v. NORMAN. (Supreme Court, Appellate Division, Fourth Department. May 29, 1900.) Action by Alice E. Skinner against Frederick Henry Norman, as treasurer.

PER CURIAM. Ordered, that the order of this court made on the 12th day of June, 1897, be amended, as of that date, so as to read as follows, viz.: "That upon an examination of the facts we find that they sustain the verdict of the jury, but we hold that upon the facts as thus established, as matter of law, the plaintiff is not entitled to recover."

In re SMITH. SIMONSON, Appellant, v. OLCOTT, Respondent. (Supreme Court, Appellate Division, First Department. May 25, 1900.) In the matter of one Smith. Action by Stephen N. Simonson against William M.