## SAMUEL PARKER *vs.* GEORGE F. FARLEY.

A *nolle prosequi* is not such a termination of an indictment, as is necessary to sustain an action for a malicious criminal prosecution.

A verdict of guilty in a criminal prosecution, founded upon correct legal instructions, is conclusive evidence of probable cause in a subsequent action for a malicious prosecution, although such verdict was set aside for newly discovered evidence, and a *nolle prosequi* finally entered.

ACTION on the case for a malicious prosecution. The case was tried before *Shaw,* C. J. who made the following report: " The declaration alleges, that the defendant Farley, at a court of common pleas, held at Lowell, February 1845, made a complaint before the grand jury, charging the plaintiff with the crime of perjury, in testimony given before the grand jury in 1843. The declaration sets out various proceedings upon said indictment, amongst others, that a trial was had in the court of common pleas, in October, 1845, on which the plaintiff was convicted by the verdict of a jury; that exceptions were taken by him to the rulings of the court, which upon a hearing before this court, were overruled; that the plaintiff then moved for a new trial, on a written motion and affidavit, alleging that he had been convicted on false testimony, whereupon a new trial was granted. The case was continued some time, no new trial was had, and at the June term, at Concord, 1849, the prosecuting attorney entered a *nolle prosequi.*

Amongst other things it appeared, that at an anterior stage of the proceedings, the plaintiff applied to this court for an order on the prosecuting attorney, requiring him to enter a *nolle prosequi* on said indictment, on the ground of some alleged agreement to that effect, on the part of the district

attorney. This action was commenced in 1850. From the record it appears, and it was conceded by the counsel for the plaintiff, that the new trial granted by this court, was granted upon the written motion and affidavit of the plaintiff, after the exceptions were overruled, praying for such new trial, on the ground of newly-discovered evidence.

This cause coming on for trial in this court, before the chief justice, both parties desired the opinion of the court upon questions of law, the decision of which might render any further trial unnecessary.

1. It was contended by the counsel for the defendant, that a termination of the suit, complained of as malicious, and without probable cause, by a *nolle prosequi,* was not such an acquittal or determination of the suit as would enable the plaintiff to maintain this action.

2. That the conviction of the plaintiff by the jury in 1845, was in point of law, proof of probable cause. The court expressed an opinion favorable to the defendant on both points; whereupon a verdict was taken by consent for the defendant, subject to the opinion of the whole court, on these questions of law.

*B. F. Butler,* for the plaintiff.

*J. G. Abbott,* for the defendant.

Shaw, C. J. Upon the first point, the court are of opinion, that according to a well settled series of authorities, a plaintiff cannot maintain an action for a malicious criminal prosecution by indictment, by showing that the prosecution has been determined by a *nolle prosequi.* This point has been so recently under the consideration of the court, in the case of *Bacon* v. *Towne,* 4 Cush. 217, that it seems sufficient to refer to that case, and the authorities there cited. It was said in the argument of the present case, that what was then said was an *obiter dictum,* and not a judicial determination of any question then in controversy. It is true, that it was not necessary to the decision of the defendant's motion for a new trial, because the point had been decided in his favor on the trial, and excluded the plaintiff from recovering on two of his counts. But as the court had concluded to order a new trial on other points, and on

such trial this point would present itself again *in limine*, it seemed to require the expression of an opinion by the court.

Were this a new and original question, to be decided upon principle, it might be doubted whether it would be just and wise to establish this as an inflexible rule of practice, because perhaps cases may be imagined, as where a party indicted has been long kept in court, always desirous and ready for a trial, and when a *nolle prosequi* is entered without his consent and against his remonstrance, where he ought not to be deprived of his right of showing that the suit was groundless and malicious. But the common law seems to have gone upon the ground, that before a party criminally prosecuted shall have a right to maintain an action and recover damages, against one who has acted as complainant in behalf of the commonwealth, and ostensibly for the public good, (an action certainly not to be favored,) he shall begin by offering a verdict in his favor, by a jury who have considered the cause on its merits. But even if it were now open to consider any such modified rule, we should be of opinion that it would not apply, when a *nolle prosequi* and discontinuance is entered by consent, or by way of compromise, or where such exemption from further prosecution has been demanded as a right, or sought for as a favor, by the party prosecuted. In the present case, it appears by the record, that the plaintiff endeavored to obtain such exemption from trial by requiring the district attorney to enter a *nolle prosequi*.

Upon the other point also, the court are of opinion, that this action cannot be maintained. The main question in such suit is, whether there was probable cause for the prosecution complained of as malicious. Malice may be inferred from the fact that the complaint was groundless, but not the reverse. Want of probable cause is not to be inferred even from proof of express malice. And whether there was probable cause or not, is a question of law upon facts admitted or uncontested, or the truth of which are to be ascertained by the jury on the evidence submitted to them. Now in looking into the record in this case, we find, that upon a trial of the plaintiff on this indictment in the court of common pleas, the

24*

only trial by jury which has been had in the case, they found him guilty. Exceptions were taken by the defendant, to the directions and rulings of the court in matter of law; but upon their reconsideration in this court, they were overruled. It was at this stage of the cause, when the plaintiff stood liable to be sentenced for the offence with which he was charged in the indictment, that he applied to this court for a new trial, which was granted, to admit newly discovered evidence. But such evidence was never brought before a jury, and no new trial was ever had. The court are therefore of opinion, that such a verdict of conviction upon instructions correct in matter in law, though afterwards set aside for another cause, must be regarded as proof of probable cause for the prosecution, and stand as a bar to the prosecution of this suit.                    *Judgment for the defendant.*