## CHARLES PHELPS vs. CHARLES STEARNS.

No action lies by a creditor against a debtor committed on execution, for perjury at the examination on his application to be admitted to take the poor debtors' oath, whereby he obtained his discharge from imprisonment.

ACTION OF TORT, commenced in the court of common pleas. The declaration contained two counts, the first of which averred that the defendant, being lawfully committed to jail upon an execution in favor of the plaintiff, did, on his examination before two justices of the peace and of the quorum upon his application to be admitted to take the poor debtors' oath, in reply to certain interrogatories put by the plaintiff, pertinent to said examination, knowingly, wilfully and falsely make oath that he had not any estate, real or personal, to the amount of the execution, except what was by law exempted from being taken on execution, and, by wilfully and falsely making oath as aforesaid, was discharged from arrest, and the plaintiff thereby deprived of his lawful remedy to collect the debt due him from the defendant, and was further subjected to great loss and expense. The second count was like the first, but particularly specified certain false answers made by the defendant under oath at said examination, and in what respects they were false. The defendant demurred to the declaration, on the ground that the matters therein contained were insufficient in law. The court of common pleas overruled the demurrer, and the defendant appealed.

*C. A. Winchester*, for the defendant. " That there is no precedent for such an action, when there must have been many occasions for bringing it, if maintainable, is a strong argument against it." *Anthony* v. *Slaid*, 11 Met. 291. *Lamb* v. *Stone*, 11 Pick. 531, 532. *Wellington* v. *Small*, 3 Cush. 148. The Rev. Sts. c. 98, §§ 14, 15, give the plaintiff an adequate remedy, by providing that the debtor, upon being convicted of having sworn falsely, shall have no benefit of his discharge, and shall be liable to be punished for perjury. No civil action lies for perjury, except in cases in which it is expressly given by statute. *Damport*

v. *Sympson,* Cro. Eliz. 520. *Eyres* v. *Sedgewicke,* Cro. Jac. 601, *Smith* v. *Lewis,* 3 Johns. 166. *Bostwick* v. *Lewis,* 2 Day, 447. Or at least, it will not lie, without allegation and proof of a conviction of perjury. *Page* v. *Camp,* Kirby, 7. *Willington* v. *Stearns,* 1 Pick. 500.

G. *Ashmun,* for the plaintiff. " In all cases, where a man has a temporal loss or damage by the wrong of another, he may have an action upon the case, to be repaired in damages." Com. Dig. Action upon the Case, (A.) S. P. *Adams* v. *Paige,* 7 Pick. 549. This declaration sets forth a wilful wrong—gross and deliberate perjury, committed with intent to defraud; and a consequent damage, by loss of a legal remedy, and of the expenses of the investigation. Such remedy is deemed not only a damage to the debtor, but the exemption from it is expressly declared by the statute to be a " benefit" to him. Rev. Sts. *c.* 98, § 15. Though the " conviction," required by that statute to deprive the debtor of such benefit, must be by indictment, (1 Pick. 500,) it does not merge the right of the injured party to a civil remedy. The provision of the Rev. Sts. *c.* 109, § 78, expressly giving such an action for a false oath by one summoned as trustee is, in its general principle, declaratory of the common law, and was only necessary to define a rule of damages.

METCALF, J. Not only is no precedent shown for the maintenance of this action, but there are numerous authorities, ancient and modern, that such an action cannot be maintained at common law. *Jerom & Knight's case,* 1 Leon. 107. *Damport* v. *Sympson,* Cro. Eliz. 520, Owen, 158, and 2 Anderson, 47. *Eyres* v. *Sedgewicke,* Cro. Jac. 601, and 2 Rol. R. 197. *Harding* v. *Bodman,* Hut. 11. *Dawling* v. *Wenman,* 2 Show. 446. *Bostwick* v. *Lewis,* 2 Day, 447. *Smith* v. *Lewis,* 3 Johns. 157. *Cunningham* v. *Brown,* 18 Verm. 123. *Dunlap* v. *Glidden,* 31 Maine, 439. On these authorities, this demurrer must be sustained; there being no statute provision for the action.

The only case, in which our statutes have authorized an action against a person for false swearing, is that of one who is summoned as trustee in the process of foreign attachment. Rev. Sts *c.* 109, § 78. And the only statute provisions, in a case like

that set forth in the declaration now demurred to, are, that the debtor may be convicted of perjury, and that, after such conviction, he shall have no benefit from the discharge which the justices granted him from his imprisonment. Rev. Sts. *c.* 98, §§ 14, 15.

By the English *Sts.* of 5 & 28 Eliz., a party grieved by a judgment obtained by the perjury of witnesses might, after the reversal of the judgment, " recover his damages against every such person as did procure such judgment against him, by action on the case." 1 Gabbett Crim. Law, 806. 2 Russell on Crimes, (7th Amer. ed.) 604. A similar provision was made by our provincial *St.* 4 W. & M., in case of perjury in depositions given in a court of record. Anc. Chart. 241, 242. Neither of these statutes, even if now in force, would sustain the present action.

*Demurrer sustained.*