SAMUEL PARKER *vs.* ASAHEL HUNTINGTON.

A verdict of guilty in a criminal prosecution, though obtained by false testimony, and afterwards set aside for newly discovered evidence and a verdict of not guilty re-turned, is conclusive evidence of probable cause in a subsequent action for malicious prosecution.

ACTION OF TORT, commenced against George F. Farley, since deceased, and this defendant, for a malicious prosecution of the plaintiff for perjury.

At the trial in this court, the plaintiff offered to prove that at the time of said prosecution Huntington, being then district attorney of this district, obtained, pursuant to concert with Farley, and by false testimony of Farley, and knowing it to be without probable cause, an indictment against the plaintiff for perjury, and caused the plaintiff to be arrested and tried thereon.

It appeared by the record of that prosecution that the indict-ment contained two counts, alleging the same perjury on two distinct occasions; that the plaintiff was put upon trial upon both counts, and convicted by the jury, and brought his case to this court on exceptions, which were overruled; but afterwards obtained a new trial on the ground of newly discovered evidence, on which new trial the jury disagreed; and he was tried again, and acquitted by the jury upon the only count submitted to them, and the then district attorney thereupon entered a *nolle prosequi* on the other count.

The plaintiff offered to prove, notwithstanding this record. that said prosecution was malicious and without probable cause, and said *nolle prosequi* was entered because of said acquittal,

and that more than six years had elapsed since the said alleged perjury.

*Metcalf*, J. ruled that the evidence would not sustain the action, and directed a verdict for the defendant, and reported the case to the full court.

*B. F. Butler*, for the plaintiff. 1. A conviction in a criminal prosecution is not conclusive in any civil case, because it is *res inter alios*, and may have been obtained on the evidence of the party seeking to use it. *Mead* v. *Boston*, 3 Cush. 407. Here the plaintiff offered to show that the verdict of guilty against him was obtained by the false testimony of one of these defendants, and the official connivance of the other. If this be conclusive in their favor, then any man who goes far enough in a fraudulent conspiracy to obtain one verdict, though no judgment be ever rendered thereon, is safe from any action by the party injured.

2. A verdict is not a conviction until it is accepted and recorded by the court. Rev. Sts. *c.* 123, § 3. A verdict in a criminal prosecution, which has been set aside, cannot be evidence. 1 Stark. Ev. (4th Amer. ed.) 245, 246. *Ridgeley* v *Spenser*, 2 Binn. 70.

3. If this conviction is evidence at all, it is only *prima facie*, not conclusive; it is like the finding of an examining magistrate. *Bacon* v. *Towne*, 4 Cush. 233. *Burt* v. *Place*, 4 Wend. 591.

4. This verdict of guilty, so set aside, if held to be conclusive, has been met by a verdict of not guilty, duly accepted and recorded, at least equally conclusive.

*J. G. Abbott*, for the defendant.

METCALF, J. There is nothing in this case, as it now stands before us, which has not heretofore been decided against the plaintiff, in *Parker* v. *Farley*, 10 Cush. 279, and *Parker* v. *Huntington*, 2 Gray, 124, or, at least, intimated in the latter case to be insufficient to maintain his action. What we then intimated, we now adjudge. This case furnishes no exception to the rule, that a conviction of a party, by a jury, is conclusive evidence of probable cause for the prosecution. See also *Phelps* v. *Stearns*, 4 Gray, 105, that an injury caused by perjury is not a legal ground of action. *Judgment on the verdict.*