SAMUEL CLOON *vs.* ELBRIDGE GERRY.

In an action for malicious prosecution, when the facts are not controverted, the question whether they constitute probable cause for the prosecution is for the court.

A conviction by a justice of the peace, in a case within his jurisdiction, is sufficient evidence of probable cause, to defeat an action for malicious prosecution.

ACTION OF TORT for malicious prosecution. The declaration alleged that the defendant, maliciously contriving to injure the plaintiff, and without probable cause, made a complaint to a justice of the peace against the plaintiff, for illegal sales of intoxicating liquors; and that the plaintiff, being tried before the justice, was convicted and sentenced, and appealed to the court of common pleas, and was there tried and acquitted.

At the trial in the court of common pleas in Middlesex, before *Sanger,* J., after the reading of the pleadings, " it being admitted that the complaint before the magistrate was for single sales of intoxicating liquors under *St.* 1855, *c.* 215; and that the defendant was not a witness at either trial; upon motion of the defendant, and after argument, the court ruled that the action could not be maintained."

The plaintiff became nonsuit, and alleged exceptions, which were argued at Boston in February 1859.

*H. G. Blaisdell,* for the plaintiff, cited *Bacon* v. *Towne,* 4 Cush. 217; *Burt* v. *Place,* 4 Wend. 591; *Parker* v. *Farley,* 10 Cush. 279; *Mead* v. *Boston,* 3 Cush. 404; *Weaver* v. *Townsend,* 14 Wend. 192; *Goodrich* v. *Warner,* 21 Conn. 432.

*J. P. Converse,* for the defendant, cited 1 Greenl. Ev. § 78; 2 Greenl. Ev. § 454; *Ulmer* v. *Leland,* 1 Greenl. 135; *Foshay* v *Ferguson,* 2 Denio, 617; *Munns* v. *Dupont,* 3 Wash. C. C. 31; *Griffis* v. *Sellars,* 2 Dev. & Bat. 492; *Parker* v. *Farley,* 10 Cush 279; *Whitney* v. *Peckham,* 15 Mass. 243; *Reynolds* v. *Kennedy,* 1 Wils. 232; *Herman* v. *Brookerhoof,* 8 Watts, 240; *Witham* v. *Gowen,* 14 Maine, 362; *Payson* v. *Caswell,* 22 Maine, 212.

SHAW, C. J. In an action for a malicious prosecution against one, in the name of the Commonwealth, the averment on the

part of the plaintiff, that the complaint was made without rea-
sonable cause, lies at the foundation of the suit; and although
it is in form a negative proposition, it is incumbent on the
plaintiff to establish it by satisfactory proof. This kind of suit,
by which the complainant in a criminal prosecution is made
liable to an action for damages, at the suit of the person com-
plained of, is not to be favored; it has a tendency to deter men
who know of breaches of the law, from prosecuting offenders,
thereby endangering the order and peace of the community.
Absence of probable cause is essential; from want of probable
cause, malice may be inferred; but from malice, even if express,
want of probable cause cannot be inferred.

An ultimate acquittal of the offence charged, though neces-
sary to be proved, is but a short step towards the maintenance
of an action for malicious prosecution. Malice, and absence of
any reasonable and probable cause, must also concur with an
acquittal.

In the present case, the prosecution complained of was a
complaint before a justice of the peace by whom the plaintiff was
convicted; from this judgment he appealed, and on trial in the
court of common pleas was acquitted.

On the trial, it appeared from the pleadings and evidence,
and was admitted, that the complaint was for an offence which
the magistrate had, by law, jurisdiction to hear, decide and
render a judgment in; also, that neither in the trial before the
magistrate, nor in the trial in the common pleas, was the de-
fendant a witness. On this case, the court ruled that such a
conviction was proof of probable cause; or, to state the proposi-
tion with more precision, it negatived the plaintiff's leading and
essential averment that the complaint was made without rea-
sonable and probable cause, and that, for this reason, the action
could not be maintained, and thereupon ordered a nonsuit.

The court are of opinion that this direction was right. The
question of reasonable and probable cause, when the facts are
not contested, is a question of law. And when the plaintiff had
been convicted by a tribunal, constituted by law, with authority
to render a judgment, which, if not appealed from, would have

been conclusive of his guilt, and such judgment is not im-
peached on the ground of fraud, conspiracy or subornation in
its procurement, although afterwards reversed on another trial, it
constitutes sufficient proof that the prosecution was not ground-
less, and to defeat an action for malicious prosecution.    The
case of *Whitney* v. *Peckham*, 15 Mass. 243, is directly in point,
and we think it is well sustained by authorities.

It is said that the question of probable cause is a mixed ques-
tion of law and fact, and that the facts should have been left
to the jury.    Here no fact material to the question was contro-
verted, and then there was nothing to leave to a jury.

*Exceptions overruled.*