## Macdonald *v.* Schroeder, Appellant.

*Malicious prosecution—Probable cause—Malice—Conviction—Reversal of conviction.*

In an action for malicious prosecution the presence or absence of probable cause is to be determined from the circumstances appearing when the prosecution is begun, and not from the whole case as developed on trial. If these circumstances present such an appearance of guilt as naturally to induce its belief in the mind of a reasonably prudent man, it is such probable cause as the law requires for his justification, even though the appearance prove deceptive or the circumstances are misapprehended. The mere belief of the prosecutor, however, is not of itself sufficient, it must be founded on reasonable grounds, and not be due to credulity, or to a bias that takes into account only a preconceived theory of guilt.

The inference of malice is rebutted if it appears that the prosecutor consulted counsel, and upon his advice commenced the prosecution. But such consultation must be in good faith, and not colorable; it must be an honest effort to ascertain whether a prosecution is warranted, and not an attempt to evade responsibility for an unfounded prosecution through the form of consultation without its substance. All the circumstances known to the prosecutor must be laid before his counsel, without addition, suppression or distortion; and if the latter, upon his professional responsibility, advises that they are sufficient, even if he errs in judgment, no action will lie for a prosecution thus undertaken.

If the prosecution results in a conviction, in a court having jurisdiction of the matter charged, this is evidence of the existence of probable cause; and the force of this evidence is not weakened by the fact that the verdict was set aside and a new trial granted, and that when the case was again called for trial no evidence was offered on the part of the Commonwealth and the jury rendered a verdict of not guilty. In such a case it is immaterial that in the action for malicious prosecution it was made to appear that the object of the prosecution was to recover the amount of a loan alleged to have been obtained under false pretenses, and there was evidence that in the criminal trial the prosecutor committed perjury.

A prosecution for the purpose of obtaining the satisfaction which the law permits the prosecutor to receive and acknowledge cannot be deemed per se malicious. Nor does a presumption, or even a suspicion of perjury arise from such purpose, any more than in a civil action for the same injury.

Argued Oct. 20, 1904.   Appeal, No. 134, Oct. T., 1904, by defendant, from judgment of C. P. No. 1, Phila. Co., March T., 1903, No. 3223, for plaintiff in case of David L. Macdonald v. Jay N. Schroeder.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Trespass for malicious prosecution.   Before BRÉGY, J.

At the trial it appeared that plaintiff borrowed $500 from the defendant on representations which the defendant claimed were false.   The loan not having been paid the defendant secured the arrest of the plaintiff for obtaining money under false pretenses.   The plaintiff was convicted, but subsequently the verdict was set aside and a new trial ordered.   At the second trial no evidence was offered by the commonwealth and the jury rendered a verdict of not guilty.

The court charged in part as follows :

[You are not bound by either of these verdicts in the quarter sessions, either " guilty " or " not guilty."   You are not bound by these at all ; you are to consider the question entirely new ; you are not bound by either verdict there.] [1]

[Decide it on the evidence here and then decide it upon the question as to whether Mr. Macdonald did make the representations that Mr. Schroeder says he made, because, if he did it, it is an end to Mr. Macdonald's case ; if he did not do it, Mr. Macdonald ought to have a verdict.] [2]

[Malice may be inferred from want of probable cause, and it may not.   I have, however, practically eliminated those questions from the consideration of the jury by what I have said. I cannot see how principles of law relating to want of probable cause and malice have any application to this case, because Mr. Schroeder told the truth or he told a lie, when he had Mr. Macdonald arrested.   If he told the truth, why, he had probable cause, and that is an end of the cause as I have told you before.   It is an end of the case, because Mr. Schroeder told the truth when he had Mr. Macdonald arrested ; but if Mr. Macdonald did not represent that he only owed $700, and Mr. Schroeder went and swore to a lie against him to have

him arrested, then there is both want of probable cause, and that which makes legal malice.] [3]

Defendant presented the point:

1. Under all the evidence your verdict must be for the defendant. *Answer :* The first is refused. [4]

Verdict for plaintiff for $5,000 on which judgment was entered for $1,500, all above that amount having been remitted. Defendant appealed.

*Errors assigned* were (1–4) above instructions, quoting them.

*Francis Shunk Brown,* with him *Robert W. Archbald, Jr.,* and *C. Eugene Montgomery,* for appellant.—The verdict of guilty was conclusive evidence of probable cause, notwithstanding the subsequent acquittal: Kirkpatrick v. Kirkpatrick, 39 Pa. 288; Herman v. Brookerhoff, 8 Watts, 240; Cooper v. Hart, 147 Pa. 594 ; Parker v. Huntington, 73 Mass. 36; Parker v. Farley, 64 Mass. 279.

It is also the doctrine of many cases that where a judgment of conviction is rendered upon trial before an inferior magistrate, and upon appeal to and a retrial of the case in a higher court this judgment is reversed, the first judgment of conviction is nevertheless conclusive of probable cause : Griffis v. Sellars, 4 Dev. & Batt. L. (N. C.) 176 ; Whitney v. Peckham, 15 Mass. 243; Dennehey v. Woodsum, 100 Mass. 195 ; Cloon v. Gerry, 79 Mass. 201 ; Goodrich v. Warner, 21 Conn. 432; Spring v. Besore, 12 B. Mon. (Ky.) 551 ; Bitting v. Ten Eyck, 82 Ind. 421; Adams v. Bicknell, 126 Ind. 210 (25 N. E. Repr. 804) ; Phillips v. Kalamazoo, 53 Mich. 33 (18 N. W. Repr. 547) ; Womack v. Circle, 32 Gratt. (Va.) 324.

The issue in this as in every suit for malicious prosecution concerned the existence of malice and probable cause for beginning the prosecution as the facts appeared to the prosecutor at that time, and not the guilt or innocence of the accused as afterwards established: Gilliford v. Windel, 108 Pa. 142 ; Lipowicz v. Jervis, 209 Pa. 315 : Dietz v. Langfitt, 63 Pa. 234 ; Emerson v. Cochran, 111 Pa. 619 ; McClafferty v. Philp, 151 Pa. 86 ; Beach v. Wheeler, 30 Pa. 69 ; Cooper v. Hart, 147 Pa. 594.

*Thomas D. Finletter*, with him *Charles Lex Smyth*, for appellee.—In Pennsylvania the discharge by the committing magistrate, the rejection of the bill of the grand jury, and the verdict of not guilty by the petit jury have all been admitted as evidence on the subject of probable cause. But only as prima facie evidence. And this too, although the issues before the magistrate and grand jury, to wit: the existence of sufficient cause for further prosecution, are much nearer the issue raised in the malicious prosecution suit, than the issue at the trial before the petit jury: Graham v. Noble, 13 S. & R. 233; Grohmann v. Kirschman, 168 Pa. 189.

The following authorities hold that a verdict of guilty is not conclusive, but only prima facie evidence of probable cause, and that it may be rebutted by proof of fraud, perjury or conspiracy: Richter v. Koster, 45 Ind. 440; Knight v. International, etc., R. R. Co., 23 U. S. App. 356.

So also of a judgment reversed on appeal: Olson v. Neal, 63 Iowa, 214 (18 N. W. Repr. 863); Womack v. Circle, 32 Grattan (Virginia), 324; Welch v. Boston, etc., R. R. Corp., 14 Rhode Island, 609; Witham v. Gowen, 14 Maine, 362; Goodrich v. Warner, 21 Connecticut, 432; Palmer v. Avery, 41 Barb. 290; Phillips v. Kalamazoo, 53 Mich. 33 (18 N. W. Repr. 547).

Regarding the Massachusetts rule as laid down in Parker v. Huntington, 73 Mass. 36, and Parker v. Farley, 64 Mass. 279, that the verdict of guilty is conclusive evidence, we might say that this is clearly at variance with the Pennsylvania rule as laid down by Grohmann v. Kirschman, 168 Pa. 189.

OPINION BY SMITH, J., April 24, 1905:

Every public prosecution is presumed to have been begun and carried on in good faith, and to have been founded upon probable cause: Mitchell v. Logan, 172 Pa. 349. To sustain an action for malicious prosecution, both malice on the part of the prosecutor and want of probable cause for the prosecution must be shown. If the prosecutor began the proceeding through mere malice, and without probable cause, he is liable in damages. Though the lack of probable cause does not of itself establish malice, its bearing as evidence on this point is

obvious, and in the absence of adequate explanation malice may be inferred by the jury.   On the other hand, if the prosecution is apparently well founded, the motive or feeling of the prosecutor is immaterial; hence, if probable cause appears, the question of malice is eliminated from the case.   The presence or absence of probable cause is to be determined from the circumstances appearing when the prosecution is begun, and not from the whole case as developed on trial.   If these circumstances present such an appearance of guilt as naturally to induce its belief in the mind of a reasonably prudent man, it is such probable cause as the law requires for his justification, even though the appearances prove deceptive or the circumstances are misapprehended.   The mere belief of the prosecutor, however, is not of itself sufficient; it must be founded on reasonable grounds, and not be due to credulity, or to a bias that takes into account only a preconceived theory of guilt.

There are circumstances which, of themselves, are held in law (1) to rebut any inference of malice based on the lack of probable cause ; and (2) to establish the existence of such cause.

1. The inference of malice is rebutted if it appears that the prosecutor consulted counsel, and upon his advice commenced the prosecution.   But such consultation must be in good faith, and not colorable; it must be an honest effort to ascertain whether a prosecution is warranted, and not an attempt to evade responsibility for an unfounded prosecution through the form of consultation without its substance.   All the circumstances known to the prosecutor must be laid before his counsel, without addition, suppression or distortion ; and if the latter, upon his professional responsibility, advises that they are sufficient, even if he errs in judgment, no action will lie for a prosecution thus undertaken.

2. If the prosecution results in a conviction, in a court having jurisdiction of the matter charged, this is evidence of the existence of probable cause.

In the present case, the prosecution was begun on the advice of counsel, and resulted in a conviction ; but on the defendant's application the verdict was set aside and a new trial granted.   When the case was again called for trial, no evidence was offered on the part of the commonwealth, and the jury rendered a verdict of not guilty, county for costs.

The effect of a conviction, afterward vacated or reversed, appears to have been first considered by our Supreme Court in Herman v. Brookerhoff, 8 Watts, 240.   There the plaintiff had been arrested in a qui tam action brought by the defendant before a justice for peddling without a license, and judgment, being entered against him for the penalty he appealed.   The prosecutor afterward, finding that the conviction had been due to an error of law on the part of the justice, discontinued the action.   Chief Justice GIBSON, upon a review of English authorities, said: " The existence of probable cause is conclusively established by a conviction: Fisher v. Bristow, Doug. 215 ; same principle, F. N. B. 114 ; a competent tribunal has sanctioned the accusation, and there can be no further question about it.   So far was this carried in Reynolds v. Kennedy, 1 Wils. 232, that a condemnation of goods, though reversed on appeal, was held to disprove an allegation of want of probable cause for the information, and consequently to bar an action for malicious prosecution against the informer ; " and followed by saying, of the case in hand, " The plaintiff has no case.   The conviction established the existence of a cause of action."   In Kirkpatrick v. Kirkpatrick, 39 Pa. 288 ; Reynolds v. Kennedy was cited by Mr. Justice THOMPSON, at nisi prius, in support of a refusal to take off a nonsuit where a conviction had been followed by arrest of judgment, and the Supreme.Court in banc affirmed his ruling. In Cooper v. Hart, 147 Pa. 594, the plaintiff had been arrested on a warrant issued by the president judge of the 12th judicial district, under the Act of July 12, 1842, P. L. 339, and after a hearing was committed to jail, but on certiorari the proceedings were reversed by the Supreme Court, on the ground that the affidavit on which the warrant was issued failed to set forth legal ground for the arrest : Hart v. Cooper, 129 Pa. 297.   In Cooper v. Hart, 147 Pa. 594, however, it was said: " In an action for malicious prosecution, founded on such a proceeding, it is entirely competent for the defendant to prove, in support of his averment of probable cause, that a judicial officer, who had jurisdiction of the complaint, and who heard it upon all its merits, was of opinion that the charge was made out, and upon that opinion awarded the writ for the arrest of the party. . . . And how can it possibly be

said that there was a want of probable cause, when it is con-
sidered that the same judge, after a full and patient hearing of
the whole merits of the case, and after hearing the testimony
of the plaintiff himself, deliberately adjudged that the charge
made by the defendants against the plaintiff was sustained,
and judicially directed his commitment for that reason.    With-
out going into the facts of the case, this one feature is a com-
plete defense to the charge that there was no probable cause
for the proceeding, and, of course, to any inference of actual
malice." In Grohmann v. Kirschman, 168 Pa. 189, where
there had been an acquittal, it was said : "A verdict of guilty
is evidence of probable cause. A verdict of acquittal is evi-
dence, though it may be slight, of the want of probable cause.
Courts have differed as to the conclusive effect of a convic-
tion. The true principle seems to be that in the trial of an
action for malicious prosecution or false arrest, a verdict of
guilty is strong prima facie evidence of probable cause, but
it may be rebutted by proof that it was obtained by corrupt or
undue means : Munns v. Du Pont, 1 Am. L. C. 200, 217.
. . . . The result of any inquiry behind the fact of the verdict
would seem to rest upon very unsatisfactory and unsafe
ground." In Lipowicz v. Jervis, 209 Pa. 315, a liquor li-
cense had been granted to the plaintiff, who was the defend-
ant's lessee. The defendant had paid the fee and taken the
license, which his wife exhibited to the plaintiff, whereupon
the latter began the sale of liquor without paying for the
license or having it in his possession. The defendant then
made an information before an alderman, charging the plain-
tiff with selling liquor in violation of a city ordinance, upon
which the plaintiff was arrested, found guilty, and sentenced
to a fine of one hundred dollar and costs, and to the county
jail for thirty days in default of payment. A commitment
was made out and given to a constable ; but before the plain-
tiff was taken from the alderman's office on it he made a
settlement with the defendant, paying him one half the cost of
the license and giving his note for the residue, together with
the costs of prosecution. Thereupon the alderman remitted
the fine and the plaintiff was discharged. It was held that
the conviction before the alderman " established not only the
existence of probable cause for the prosecution, but the fact

that the plaintiff was guilty of the crime with which he was charged," and that "under these facts, there could be no recovery in this action." See also Ruffner v. Hooks, 2 Pa. Superior Ct. 278; Auer v. Mauser, 6 Pa. Superior Ct. 618; Scott v. Dewey, 23 Pa. Superior Ct. 396; Bryant v. Kuntz, 25 Pa. Superior Ct. 102.

The only apparent dissent, in the courts of this state, from the view presented in the foregoing authorities, is found in Mayer v. Walter, 64 Pa. 283, where Mr. Justice SHARSWOOD expressed dissatisfaction with the principle laid down in Reynolds v. Kennedy, as applying to the case before him. That case, however, was an action for the malicious abuse of civil process; the defendant, who was the plaintiff's lessor, having evicted the lessee under a judgment before an alderman in a proceeding to obtain possession, and this judgment, on certiorari, having been reversed by the common pleas. The Supreme Court there held that the judgment was not conclusive of probable cause. The proceeding from which the case arose was wholly civil; a proceeding in rem, with a judgment for delivery of possession of the demised premises. There was no conviction of the defendant before any tribunal, or any charge of a criminal nature; hence, technically, no ground for applying the principle that a conviction is conclusive evidence of probable cause. The analogy between judgment in a civil proceeding and conviction in a penal proceeding is incomplete. There is also a marked difference between a conviction in a penal or qui tam action, or any summary proceeding, and a conviction on indictment. In the former there is no distinction between conviction and judgment. "They are indivisible. It is the sentence that discloses the conviction:" York County v. Dalhousen, 45 Pa. 372. But on an indictment there may be conviction without judgment. "The conviction and sentence are each in turn liable to be attacked and tested separately; one for errors in the trial or by the jury, and the other for errors in the judgment:" York County v. Dalhousen, 45 Pa. 372. "If the jury find the prisoner guilty, he is then said to be convicted of the crime whereof he stands indicted; which conviction may accrue two ways—either by his confessing the offense and pleading guilty, or by his being found so by the verdict of his country:" 4 Blackstone Comm., ch. 27. "After

trial and conviction, the judgment of the court regularly follows, unless suspended or arrested by some intervening circumstances : " 4 Blackstone Comm., ch. 28.   In Bouvier's Law Dictionary, conviction is defined as " That legal proceeding of record which ascertains the guilt of the party, and upon which the sentence or judgment is founded.   Conviction must precede judgment or sentence, but is not necessarily followed " by either.   Wharton's Law Lexicon and Anderson's Dictionary of Law give substantially the same definition.   Conviction and sentence, says our Supreme Court in York County v. Dalhousen, 45 Pa. 372, " are distinct acts or processes toward a result.   The one is the act of the jury ; the other of the court without the jury.   They are expressed by appropriate and well understood terms, and while it is possible that the result of the co-operation of both may be expressed by the simple term ' conviction,' yet this is far from the ordinary use of the word."   After conviction, judgment is necessary to fix the penalty, and is the determination of the law as the result of the proceeding ; at common law, also, it was necessary to work disqualification of the defendant as a witness.

That the defendant, in commencing the prosecution, sought to recover the money which had been obtained from him, has no apparent bearing on the question of probable cause, or on the allegation of perjury.   Since the offense charged belongs to the class of misdemeanors which may be settled on acknowledgment of satisfaction by the injured party (sec. 9, Code of Criminal Procedure of March 31, 1860, P. L. 427 ; Rothermal v. Hughes, 134 Pa. 510 ; Geier v. Shade, 109 Pa. 180), the prosecutor might lawfully have accepted restitution of the money involved as the condition of a nolle prosequi. A prosecution for the purpose of obtaining the satisfaction which the law permits the prosecutor to receive and acknowledge, certainly cannot be deemed per se malicious.   Nor does a presumption, or even a suspicion of perjury fairly arise from such a purpose, any more than in a civil action for the same injury; the statute and authorities cited necessarily preclude this.   The purpose thus having judicial sanction, and no unlawful steps appearing in the proceeding, we cannot see that there was a " want of probable cause " at its inception or pendency, in a legal sense ; certainly there was no legal obligation

on a creditor to abstain from this lawful redress. When, indeed, perjury is so unmistakably shown that the court may pronounce on it, as it may pronounce on probable cause, on negligence, etc., this may well be deemed such corrupt or undue means of obtaining a verdict as to destroy its effect as proof of probable cause. But the case in hand is not of this character; it presents nothing beyond a contradiction between the witnesses for the plaintiff and those for the defense. The jury to which, on the trial on the indictment, the question was submitted, found in favor of the prosecutor; and neither the trial court nor the appellate court can declare the testimony on either side perjury.

Since upon the authorities cited a conclusive presumption of probable cause is held to arise from a conviction before a justice, unwarranted by law, with the prosecution, for that reason, discontinued on appeal; from a conviction followed by arrest of judgment and discharge of the defendant; upon a conviction upon a hearing before a president judge, reversed for the reason that the affidavit on which it was based failed to set forth facts giving jurisdiction, and from a conviction before a magistrate, followed by a settlement between the prosecutor and the defendant, with a remission of the fine imposed and discharge of the defendant; no good reason can be given why a conviction in a court having jurisdiction, by a jury with full power to determine all questions of fact, though afterward set aside for reasons not appearing of record, should not be held equally conclusive of probable cause.

While the judgment of this court is based on the grounds above stated, and the authorities cited, in my view the conclusion reached receives further support from the decisions of the courts of other states in which the rule of the common law on the subject prevails, holding that probable cause is conclusively established by a conviction although afterward set aside, and this without regard to the manner in which its penal consequences are avoided. In Burt v. Place, 4 Wend. 591, it was said of Reynolds v. Kennedy, 1 Wils. 232: "It was well considered; it was twice argued, and the opinion of the court given after mature advisement. It is to be considered a highly respectable authority." It was viewed in substantially the same light by Baron EYRE, Lord MANSFIELD and Lord LOUGH-

BOROUGH, in Sutton v. Johnstone, 1 Term Rep. 493. In Whitney v. Peckham, 15 Mass. 243, a conviction of an assault and battery, before a justice, was followed by acquittal on appeal. The trial judge held that the conviction was conclusive evidence of probable cause ; and the ruling was affirmed by the Supreme Judicial Court in banc. In Cloon v. Gerry, 79 Mass. 201, there was a conviction before a justice, an appeal, and an acquittal; and it was held that the conviction " constitutes sufficient proof that the prosecution was not groundless, and to defeat an action for malicious prosecution. The case of Whitney v. Peckham, 15 Mass. 243, is directly in point, and we think it is well sustained by authorities." In Dennehey v. Woodsum, 100 Mass. 195, the declaration set forth a conviction before a justice, on false testimony by the defendant, with an acquittal on appeal ; and a demurrer was sustained, the court saying : " This does not show want of probable cause. On the contrary, it is ordinarily held to be conclusive evidence of probable cause, and to defeat the action : Whitney v. Peckham, 15 Mass. 243. This is so, even when the first conviction is obtained by false testimony: Parker v. Huntington, 73 Mass. 36." In Parker v. Huntington, there had been a conviction of perjury on two counts, which had been set aside on the ground of newly discovered evidence, a disagreement of the jury on a second trial, and acquittal on a third trial, on one count submitted to the jury, and thereupon a nolle prosequi on the other count. The plaintiff alleged that the first conviction was obtained by perjury, through the defendant's procurement, but the trial judge rejected evidence on this point and directed a verdict for the defendant. The court in banc affirmed the judgment saying: " This case furnishes no exception to the rule that a conviction of a party by a jury is conclusive evidence of probable cause for the prosecution. See also Phelps v. Stearns, 70 Mass. 105, that an injury caused by perjury is not a legal ground of action." The latter question was presented in the supreme court of New York in Smith v. Lewis, 3 Johns. 157, and the court, upon a review of the authorities, held that an action for such an injury would not lie. In Parker v. Farley, 64 Mass. 279, there had been a conviction of perjury, which had been set aside, and later a nolle prosequi. The declaration averred that the plaintiff " had

been convicted on false testimony," while it appeared from the record that a new trial had been granted on the ground of newly discovered evidence.   It was held that while, at common law, the plaintiff " shall begin by offering a verdict in his favor, by a jury who have considered the cause on its merits," this rule did not apply where the nolle pros. was entered by consent or compromise, but that " such a verdict of conviction, upon instructions correct in matter of law, though afterward set aside for another cause, must be regarded as proof of probable cause for the prosecution, and stand as a bar to the prosecution of this suit."

In Crescent City Live Stock Co. v. Butchers' Union, 120 U. S. 141, (7 Sup. Ct. Repr. 472),—an action for the malicious abuse of civil process—the supreme court of the United States held that a judgment, though reversed on appeal, was conclusive evidence of probable cause for employing the process.   The defendant, claiming under a state law an exclusive right to conduct its business in certain parishes of Louisiana, had filed a bill in the United States circuit court to restrain the plaintiff from conducting the same business in a portion of this territory.   The circuit court made a decree granting an injunction, but on writ of error the decree was reversed and the injunction dissolved by the United States supreme court. The plaintiff then brought an action in the state court on the injunction bond, and also for damages for a malicious prosecution of the suit for an injunction.   To the latter claim, the defendant pleaded the decree of the circuit court as conclusive evidence of probable cause, but the trial court overruled this contention, and the state supreme court denied to the decree any effect whatever.   The United States supreme court, upon a careful review of the subject, pronounced this ruling erroneous, and reversed the judgment, saying: " The rule in question, which declares that the judgment or decree of a court having jurisdiction of the parties and of the subject-matter, in favor of the plaintiff, is sufficient evidence of probable cause for its institution, although subsequently reversed by an appellate tribunal, was not established out of any special regard to the person of the party.   As we have already seen, it will avail him as a complete defense in an action for a malicious prosecution, although it may appear that

he brought his suit maliciously for the mere purpose of vexing, harassing and injuring his adversary. The rule is founded on deeper grounds of public policy, in vindication of the dignity and authority of judicial tribunals constituted for the purpose of administering justice according to law, and in order that their judgments and decrees may be invested with that force and sanctity which shall be a shield and protection to all parties and persons in privity with them. The rule, therefore, has respect to the court and to its judgment, and not to the parties, and no misconduct or demerit on their part, except fraud in procuring the judgment itself, can be permitted to detract from its force. . . . That principle has been disregarded in the present case by the supreme court of Louisiana in failing to give due effect to the decree of the circuit court of the United States as sufficient evidence in support of the defense of the plaintiff in error in this action, so far as it is an action for the recovery of damages for a malicious prosecution."

This conclusion has also an adequate support in principle. The issues on the indictment and in the civil action are not the same. In the former, the issue is the actual guilt or innocence of the party indicted; in the latter, it is the existence of reasonable ground for belief in his guilt at the commencement of the prosecution. The trial of the latter is in no sense a retrial of the former. If tried on the same evidence, it would be simply a question whether two juries would view the same facts as leading to the same conclusion; if tried on other or further evidence, the conditions would to that extent be changed in favor of one party or the other. But the prosecutor's liability does not depend on the fact of guilt, as shown on either trial, but on the circumstances appearing to indicate guilt that led to the prosecution. When a jury, after hearing all the evidence offered on both sides, renders a verdict of guilty, it is a judicial finding, not only of probable cause but of actual guilt. If this finding be set aside, its effect on the question of guilt, as between the commonwealth and the defendant, is at an end; but as between the prosecutor and the defendant it must be held to remain as conclusive of probable cause, and a bar to an action for malicious prosecution. An allegation that the jury were in-

fluenced by corrupt or other undue means presents another question, which we need not here consider.   As to an allegation that the conviction was obtained by perjury, apart from the insufficiency of this as a cause of action, it begs the question.   There is merely oath against oath, and an allegation of perjury on one side may well be met by an allegation of perjury on the other side ; while evidence of corroborating circumstances may with equal force be met by the same allegation. The only reasonable and safe rule is that of the common law, which requires the parties to have all their evidence at hand, and to detect and expose perjury at the trial ; and there is no principle of law on which the conclusions of the jury, as to the credibility of witnesses, may be retried in a civil action involving only the question of probable cause for prosecution. Moreover, as the record of conviction discloses no facts, the prosecutor might be subjected to an injustice, through inability, from the death or absence of the witnesses on whose testimony the verdict was based, to meet the evidence against him in a subsequent civil action with proof of probable cause, since, the parties not being the same, that testimony would not be admissible in such action.   Having, by proof of the offense charged, obtained a verdict on the indictment, he should not be again required, in the civil action, to prove probable cause, with the risks that may arise from loss of evidence meantime.

In the present case, while one of the five reasons for a new trial alleges, in substance, perjury by the commonwealth's witness, it does not appear on what ground the verdict was set aside.   But, for reasons already stated, we deem this immaterial.   The defendant in the indictment failed to convince the jury of the alleged perjury, and their finding in the premises must be held conclusive of probable cause for the prosecution, notwithstanding the subsequent decision of the court to submit the question of actual guilt to another jury.

The judgment is reversed, and judgment is now entered for the defendant.

RICE, P. J., dissenting :

The defendant in this case had the plaintiff arrested and in-

dicted upon a charge of obtaining money under false pretenses. Upon the trial of that case he gave testimony as to facts material to the issue, which, according to the testimony of the plaintiff and other witnesses given on the trial of the present case, was untrue, and which a jury could have found he knew to be untrue. The trial resulted in a verdict of guilty, on June 17, 1902. On the twenty-third of the same month, on motion for a new trial made by the attorney for the defendant in the criminal case, the court ordered, " that the verdict of guilty found by the jury in said case be vacated and set aside, and a new trial granted." After several postponements, made at the request of the prosecutor, the case came on for trial on April 27, 1903. The prosecutor and his witnesses and attorney were present in the courtroom at the time the case was called for trial, but, by the latter's advice, no testimony was offered; consequently a verdict of not guilty was rendered. In the course of his cross-examination in the present case, the defendant was asked whether he had not instructed his counsel to try to settle the case for the $500 which he claimed he had been induced by false pretenses to loan to the plaintiff. He replied: " That is what I wanted." " Q. That is what you brought the prosecution for; as I understand it? A. For what? Q. To get your $500 back. A. That is all I brought it for, certainly."

In view of the foregoing facts, and the state of the record in the criminal case, I am unable to concur in the conclusion that the court ought to have charged that the verdict of guilty was conclusive evidence of probable cause for the prosecution. I have examined all of the Pennsylvania cases cited in the brief of appellant's counsel, and in the exhaustive opinion of our Brother SMITH, and it does not seem to me that any of them establishes a rule which governs this case. Outside of this state the authorities are conflicting as to the conclusiveness of a verdict of guilty, as the citations in the appellee's paperbook abundantly show. It is held in Pennsylvania that although it is strong prima facie evidence of probable cause, it may be rebutted by proof that it was obtained by corrupt or undue means: Grohmann v. Kirschman, 168 Pa. 189.

In the absence of any authoritative decision of the precise question raised by the facts of this case, I feel at liberty to

express the conviction that the judge would have been warranted in charging the jury that, if it was established to their satisfaction beyond a reasonable doubt that the prosecutor in the criminal case brought the prosecution in order to force repayment of the loan, and that in the trial of that case he testified, knowingly, falsely and corruptly, to matters material to that issue, the verdict of guilty, which was summarily set aside and was followed by a verdict of not guilty, would not be conclusive evidence of probable cause. I would, therefore, overrule the fourth assignment.

The second and third assignments raise a different question. The defendant claimed that he loaned the plaintiff's firm $500, under the inducement of his fasle representation that all they owed was about $700, whereas they owed about $8,000. The plaintiff did not deny that they were indebted in that amount, but alleged that the only representation he made was that they had only about $700 of debts that were pressing. He testified : "I told him what we were doing, and we had about $700 that was shoving us at the present time that wanted to be paid—I mean pushing us, wanted to be paid, and there is nobody had entered any proceeding or anything of the kind at that time."

The defendant testified : " He also stated to me at that time that all he owed was about $700 in debts."

A change of a word would change the entire purport and effect of the representation. It is not impossible that the defendant misunderstood the plaintiff and acted on the mistaken belief that the latter's representation was intended to be a full and frank statement of the financial condition of the firm. The jury ought to have been permitted to take that view. It would not have been an unreasonable conclusion. If they had adopted it, surely they would have been warranted in finding that the defendant was not chargeable with malice. In making the entire case turn on the question whether the version of the representation given by the plaintiff or that given by the defendant was the true one, and in withdrawing from the consideration of the jury the questions of probable cause and malice, the learned judge inadvertently fell into error.

For the reasons above suggested, I would sustain the sec-

ond and third assignments and send the case back for retrial. Judges ORLADY and PORTER authorize me to say that they concur in the foregoing conclusion.