After a contentious divorce, the plaintiff, Janine M. Balistreri, sued the defendant, Mark Nestor, who represented her ex-husband during the divorce proceedings. Her complaint alleged that two misstatements the defendant made about the procedural history of the divorce case constituted fraud, violation of the rules of professional conduct, negligence, and perjury. A judge in the Superior Court dismissed her complaint on the defendant's motion for judgment on the pleadings, and the plaintiff appeals. The defendant cross appeals from the denials of his two requests for sanctions.[2] We affirm.
Discussion. 1. Judgment on the pleadings. The plaintiff contends that the judge erred in dismissing her claims for fraud, violation of the rules of professional conduct, and perjury.[3] We are not persuaded.
We view a defendant's motion for judgment on the pleadings under Mass. R. Civ. P. 12 (c), 365 Mass. 754 (1974), as essentially a motion to dismiss under Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), and our review is de novo. Jarosz v. Palmer, 436 Mass. 526, 529 (2002). See Burbank Apartments Tenant Ass'n v. Kargman, 474 Mass. 107, 116 (2016). To survive a motion for judgment on the pleadings, the complaint must state facts "plausibly suggest[ing] an entitlement to relief"; mere "labels and conclusions" will not suffice. Id., quoting Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008).
a. Fraud. To prevail on her claim that the defendant engaged in a "fraud" against her, "the plaintiff must prove 'that the defendant made a false representation of a material fact with knowledge of its falsity for the purpose of inducing the plaintiff to act thereon, and that the plaintiff relied upon the representation as true and acted upon it to [her] damage.' " Danca v. Taunton Sav. Bank, 385 Mass. 1, 8 (1982), quoting Barrett Assocs. v. Aronson, 346 Mass. 150, 152 (1963). The plaintiff's complaint, however loosely read, fails to establish several elements of this claim.
The plaintiff complains about the defendant's inaccurate assertion, which appears in two postjudgment filings,[4] that "[o]n March 24, 2014, the subpoena to compel the testimony of the Appellees' 2nd expert witness, Cynthia Brandt, was quashed." While this statement does incorrectly attribute the expert's absence from trial to her having successfully moved to quash the subpoena compelling her testimony, the statement is not wholly inaccurate. The expert did not appear at trial, and thus, she indeed offered no testimony as to the valuation of the husband's business. Accordingly, while the defendant's assertion was technically incorrect, it was not materially wrong and could not have had a material effect on the outcome of the proceedings. See Smith v. Brown, 282 Mass. 81, 84 (1933) (although plaintiff's petition to vacate judgment misstated record, misstatements were "inconsequential" and did not harm either party). Moreover, the plaintiff does not allege that the statement was intended to induce her to take any action, or that she did in fact act upon the statement to her detriment.
Accordingly, we conclude the judge properly dismissed the fraud claim.
b. Violation of the rules of professional conduct; claim for perjury. In the absence of a private right of action for a violation of the rules of professional conduct or perjury, the judge also properly dismissed the plaintiff's private claims for relief from these alleged violations. See Doe v. Nutter, McClennen & Fish, 41 Mass. App. Ct. 137, 141 (1996) ("[t]he disciplinary rules provide standards of professional conduct of attorneys[, but they] do not in and of themselves create independent causes of action"). See also Phelps v. Stearns, 70 Mass. 105, 106 (1855) (concluding there is no private cause of action for perjury).
2. Cross appeal: sanctions. The defendant moved for sanctions twice. He did so first in response to the plaintiff's motion to strike his motion for judgment on the pleadings. In this first motion, he invoked the judge's inherent authority and G. L. c. 231, § 6F.[5] The defendant moved for sanctions again after judgment entered, again invoking G. L. c. 231, § 6F, Mass. R. Civ. P. 11, as amended, 456 Mass. 1401 (2010), and the judge's inherent authority.
The defendant filed his notice of cross appeal before the judge had ruled on either motion, claiming that the judge implicitly denied his motions. Over a month later, the judge entered an order denying the defendant's second motion for sanctions without addressing the first request for sanctions.[6] Neither party appealed from that order. Accordingly, while we agree with the defendant that an appeal from the denial of the first motion is properly before us, an appeal from the denial of the second motion is not. See Mass. R. A. P. (3) (c), as appearing in 430 Mass. 1602 (1999) ("[t]he notice of appeal ... shall, in civil cases, designate the judgment, decree, adjudication, order, or part thereof appealed from").[7]
Rule 11(a) of the Massachusetts Rules of Civil Procedure"does not authorize a court to impose sanctions against litigants, as opposed to attorneys." Tilman v. Brink, 74 Mass. App. Ct. 845, 852 (2009). The plaintiff is not an attorney but a litigant proceeding pro se, and thus, the judge could only impose sanctions against her "as necessary to secure the full and effective administration of justice." Id. at 853, quoting O'Coin's, Inc. v. Treasurer of the County of Worcester, 362 Mass. 507, 514 (1972). The sanction of fees and costs "should be reserved for rare and egregious cases." Police Comm'r of Boston v. Gows, 429 Mass. 14, 19 (1999). While the plaintiff's complaint warranted a dismissal, the judge was well within his discretion in concluding that the plaintiff's actions in seeking legal redress for the two misstatements the defendant made in his postjudgment filings were not sufficiently egregious to warrant sanctions. We discern no abuse of discretion.[8]
Judgment affirmed.

The denial of the first request for sanctions is implicit in the judgment dismissing the plaintiff's complaint; there is no separate order. As explained, infra, the denial of the second motion for sanctions is not properly before us.

The plaintiff conceded below that her negligence claim cannot proceed and does not argue otherwise in this court.

The statement appears first in the defendant's written opposition to the plaintiff's application for further appellate review and, again, in the defendant's opposition to the plaintiff's postjudgment motion in the Probate and Family Court.

We do not consider any appeal from any decision pursuant to G. L. c. 231, § 6F, because the only "route" for an appeal from a decision under that statute is by an appeal to the single justice. See G. L. c. 231, § 6G ; Vittands v. Sudduth, 49 Mass. App. Ct. 401, 412 (2000).

The docket entry states that the motion was denied without prejudice "given that the case is on appeal at the Appeals Court."

Our disposition of the appeal from the denial of the first motion would also apply to the denial of the second motion if it were properly before us.

We also decline to award double costs on appeal.